## LARIMORE HARDWARE CO v. LOENGRICH.

No. 5659.   Opinion Filed October 12, 1915.

(152 Pac. 349.)

1.  **APPEAL AND ERROR—Harmless Error—Errors Not Affecting Substantial Rights.**  The court in every stage of action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect.

2.  **SAME—Affirmance.**  When an error has been committed upon the trial of a case, it is the duty of this court, upon an inspection of the entire record, to determine whether or not the defendant suffered any material injury from such error.   Unless such injury appears, the error will not be ground for reversal.

(Syllabus by Robberts, C.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by Henrietta Loengrich against the Larimore Hardware Company, a corporation.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*Wilson & Tomerlin* and *E. E. Buckholts,* for plaintiff in error.

*A. N. Munden,* for defendant in error.

Opinion by ROBBERTS, C. This case comes here from the district court of Oklahoma county, and was brought by Henrietta Loengrich, defendant in error, against Larimore Hardware Company, for personal injuries caused by plaintiff falling down an open stairway running from the ground floor into the basement in defendant's storeroom. The case was tried to a jury, and verdict returned by nine jurors in favor of plaintiff for $250, upon which judgment was rendered by the court. Motion for new trial was overruled, and defendant brings error.

To obtain reversal counsel for plaintiff in error make three assignments as follows:

"The court erred in overruling the motion of the plaintiff in error for a new trial, to which action of the court the plaintiff in error then and there excepted and still excepts."

"The court erred in making certain oral statements to the jury, in the absence of the parties, with reference to agreeing upon a verdict."

"Errors of law occurring at the trial."

The only assignment of error argued by counsel in their brief is that:

"The court erred in making certain oral statements to the jury, in the absence of the parties, with reference to agreeing upon a verdict."

Upon a careful examination of the statements of the court to the jury, we find that nothing was said about the merits of the case, and the subject mentioned was with reference to the jury coming to some agreement upon a verdict, if possible, and these remarks were all made in open court at such times as the jury were brought into

court upon the direction of the court for temporary adjournment, or to ascertain if the jury had agreed, or probably could agree, upon a verdict. Probably more was said by the court than was absolutely necessary, and possibly the exercise of the strictest ethics would have limited the statements to some extent; but upon examination of the record we feel very sure that the defendant was not prejudiced by the remarks of the court in the least. The rule is well established that, when an error has been committed upon the trial of a case, it is the duty of this court upon an inspection of the entire record to determine whether or not the defendant suffered any material injury from such error. Unless such injury appears, the error will not be ground for reversal.

Our statutes provide that the court must disregard any error in the proceedings which does not affect the substantial rights of the adverse party. We are clearly of opinion that the rights of the defendant were in no way prejudiced by the conduct of the court, and that the verdict of the jury and judgment of the court are fully sustained by the evidence.

The case should be affirmed.

By the Court: It is so ordered.