## FIRST NAT. BANK OF HASKELL v. LENT.

No. 9574.—Opinion Filed Jan. 20, 1920.

(Syllabus by the Court.)

### 1. Usury—Action Against National Bank for Penalty—Sufficiency of Evidence.

The evidence in this case examined, and held, that the court did not err in overruling demurrer to the evidence, and that such evidence is sufficient to support the judgment of the trial court.

### 2. Same—Question for Court.

Where the undisputed facts show that a bank knowingly charged and received usurious interest, and the only reasonable conclusion to be derived from the evidence, taken as a whole, is that the transaction is usurious, the question is one of law for the court, and not of fact for the jury.

Error from District Court, Muskogee County; Chas. G. Watts, Judge.

Action by C. W. Lent against the First National Bank of Haskell. Judgment for plaintiff, and defendant brings error. Affirmed.

J. E. Wyand, C. A. Ambrister, and B. Broaddus, for plaintiff in error.

William Neff and L. E. Neff, for defendant in error.

BAILEY, J. This action was commenced by defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the purpose of recovering the sum of $906.26, alleging that such amount was double the amount of certain usurious interest paid by defendant in error to plaintiff in error. Suit was filed in the district court of Muskogee county on the 6th day of December, 1916. Plaintiff in error being a national bank, it is admitted that the rights and liabilities of the parties are determined and controlled by the provisions of section 5198, U. S. Comp. Stat. 1901.

It is alleged in the petition that plaintiff in error knowingly charged and collected a greater rate of interest than that allowed by law upon numerous notes made by defendant in error to plaintiff in error and extending over a period of time beginning in September, 1910, and continuing until September, 1916; the various notes given during this period of time being settled by cash payments and renewals, until final payment and settlement. Defendant's answer consisted of a general denial, and the further allegation that the various items alleged to have been paid on notes were paid as interest, and in the event said interest so paid was in the excess of 10 per cent per annum, that more than two years had elapsed since the pay-

ment of the same before the institution of the suit. At the trial of the case, after the evidence of plaintiff was introduced, defendant interposed its demurrer to the evidence which was overruled, and the defendant declining to introduce any evidence, the court peremptorily instructed the jury to return a verdict in favor of plaintiff for the sum of $457. From judgment rendered thereon, this proceeding in error was commenced.

During the progress of the trial, upon objection to the introduction of certain testimony, it was ruled by the court that plaintiff could recover double the amount of the cash payments for extension interest paid for extension of notes made within two years, prior to the commencement of the action, and double the amount of the interest contracted for prior to that time but not actually paid until within two years prior to the commencement of the action. No objections or exceptions appear to this ruling of the court, but upon such ruling plaintiff specifically waived claim for interest not within the rule as announced by the court, and hence the question of limitation is not presented here.

The assignments of error as presented by plaintiff in error are: That the court erred in giving an instructed verdict for the defendant in error for the sum of $457; and second, that the court erred in instructing the jury to return a verdict for defendant in error.

Under the first proposition it is argued in brief of plaintiff in error that, taking the most favorable view of the evidence, the recovery could not have been more than $434.70. But an examination of the fact submitted by plaintiff in error shows this to be erroneous, and that the actual amount of usurious interest as admitted and held by the court is the sum of $228.84, and that double such amount is the sum of $457.68, or 68 cents more than the verdict directed by the court. In so far as it is contended that the evidence does not support the verdict, it is sufficient to say that we have carefully examined the record, and that under the evidence offered by plaintiff no other conclusion could have been fairly reached than that found by the trial court. In this connection, there is some argument in brief of counsel for plaintiff in error that the court erred in directing verdict for $467. As stated above, the court directed a verdict for the sum of $457, while the judgment in the record appears to have been rendered for the sum of $467. There is nothing in the record or assignments of error presented to this court that would indicate that this discrepancy between the amount of the directed verdict and the amount as shown in the judgment was ever called to the attention of the trial court, nor is there any assign-

ment of error presented to this court that would properly challenge the correctness of the amount of the judgment. It is probable that such error is a clerical one. In any event, it is well settled under the holdings of this court that this court will review only such alleged errors as were properly presented to the lower court by motion for new trial or otherwise Citizens' Nat. Bank of Ft. Gibson v. Strahan, 63 Oklahoma, 165 Pac. 189; Frick-Ried Supply Co. et al. v. Hunter, 47 Okla. 151, 148 Pac. 83.

Under plaintiff in error's second assignment, it is argued that the court should have submitted the cause to the jury upon the question of intent to receive usurious interest. As has heretofore been observed, the defendant offered no testimony in its behalf, and the testimony on behalf of defendant in error specifically disclosed that the cashier of defendant bank had advised plaintiff that he would be charged 1 per cent. per month, and that a lesser rate of interest could not be had. It was further in evidence that such rate was charged and collected by defendant bank and paid by plaintiff. Endorsements upon the notes in evidence made by the officers and agents of defendant bank corroborated the statements of plaintiff as to the rates charged and paid. Aside from the rule that the unlawful intent is presumed from the fact of intentionally doing what the law forbids, the facts being undisputed, the only reasonable conclusion is that the transactions were usurious, and that such usurious charges were knowingly and intentionally made.

"Where there is no dispute as to the facts, the question of whether such facts constitute usury is a question of law to be determined by the court. * * * If a usurious intent clearly appears from undisputed evidence, it is error to submit the question of intent to the jury." 39 Cyc. 1057, 1058.

In Caddo Nat. Bank v. Moore, 30 Okla. 148, 120 Pac. 1003, it is held:

"Where the undisputed facts show that a bank knowingly charged usurious interest, and the only possible conclusion to be derived from the evidence, taken as a whole, is that the transaction is usurious, the question is one of law for the court, and not of fact for the jury."

The further contention that there is not sufficient evidence to show that the sums alleged to be usurious were paid to the First National Bank of Haskell, is without merit. The record in numerous places discloses specifically that the transactions under inquiry were had with the officers of the First National Bank of Haskell, and that the loans were made by such bank.

Concluding, therefore, that the trial court did not err in directing a verdict, and the record disclosing no prejudicial error, the cause is affirmed for the sum of $457.

All the Justices concur.