### STEKOLL v. ABRAHAM.

No. 14160—Opinion Filed July 3, 1923.

Rehearing denied July 31, 1923.

(Syllabus.)

1. **Appeal and Error—Presentation of Error in Trial Court—Motion for New Trial.**

Errors occurring during a trial will not be considered by the Supreme Court unless such errors have been presented to the trial court by motion for new trial or otherwise.

2. **Appeal and Error—Burden of Establishing Error—Harmless Error.**

On review of a cause in this court, the burden is on the appellant to establish error resulting in injury, and this court will not reverse a cause for misdirection of the jury unless upon an examination of the whole record such error appears to have violated some substantial right of the appellant.

Record examined, and held, that the judgment of the trial court be affirmed.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Joe Abraham against Harry Stekoll, doing business as Tulsa Pipe & Supply Company, for damages for breach of sale contract. Judgment for plaintiff, and defendant brings error. Affirmed.

Samuel A. Boorstin, for plaintiff in error.

Cheatham & Beaver, for defendant in error.

KENNAMER, J. Joe Abraham, plaintiff, recovered a judgment in the district court of Tulsa county against Harry Stekoll, doing business under the firm name of Tulsa Pipe & Supply Company, defendant, awarding the plaintiff $2,433.53. with interest at the rate of six per cent. per annum from March 19, 1920, damages for breach of an oral contract by the terms of which the defendant sold and delivered to the plaintiff 133 joints of pipe. The defendant prosecutes this appeal to reverse said judgment.

Counsel for the defendant state in their brief that the decisive question presented for review is whether or not the trial court

committed reversible error in instructing the jury on the measure of damages which the plaintiff was entitled to recover for the alleged breach of the contract. It is conceded that section 5989, Comp. Stats. 1921, provides the measure of damages which the plaintiff is entitled to recover in this class of actions. Said section is as follows:

"The detriment caused by the breach of a warranty of the quality of personal property is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with, over its actual value at that time."

The trial court in instruction No. 3 instructed the jury as follows:

"You are instructed that when one purchases an article under a certain understanding or warranty, as for example, if one purchases pipe, and his vendor agrees to deliver new pipe, but upon delivery the pipe is found to be old pipe, and therefore objectionable and worthless as new pipe, then upon the breach of such understanding or warranty, the purchaser has two remedies:

"First: He can return the article within a reasonable time after learning of the breach of the warranty, and sue for the money paid out; or

"Second: He can retain the article and recover the difference between the actual value thereof at the time of purchase and what its value would have been if the article had been as represented."

It is clear, according to the provisions of the statute, supra, and the case of Burgess et al. v. Felix, 42 Okla. 193, 140 Pac. 1180, that the instruction, supra, correctly advised the jury as to the measure of the damages recoverable by the plaintiff. The only difficulty arises in the case from the giving of instruction No. 5 by the court, which, in substance, advised the jury that according to the contract of sale, as admitted by the parties, the plaintiff paid the defendant $1.65 per foot for new pipe, and that the plaintiff would have been entitled to recover the difference between the price paid by the plaintiff and the market value of such pipe as was actually delivered to him. It must be conceded that instruction No. 5 was erroneous; but, in our view of the case, we are unable to concur in the contention of counsel for the defendant that the judgment must necessarily be reversed. First, for the reason that no error was assigned by the defendant in his motion for new trial by reason of the instructions given by the court to the jury. This court in numerous cases has held that alleged errors occurring at the trial may only be presented and reviewed in this court where such errors were properly presented to the trial court by motion for a new trial or otherwise. Citizens State Bank of Ft. Gibson v. Strahan, 63 Okla. 288, 165 Pac. 189; Frick-Reid Supply Company et al. v. Hunter, 47 Okla. 151, 148 Pac. 83; First National Bank of Haskell v. Lent, 77 Okla. 110, 186 Pac. 1081; Eastwood v. Clinkscale, 82 Okla. 52, 197 Pac. 455.

This court is also committed to the rule by reason of the statutory provisions of section 2822, Comp. Stats. 1921, that no judgment will be reversed and new trial granted on the ground of misdirection of the jury, unless upon an examination of the entire record it is manifest that such error has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. Harn et al. v. Patterson, 58 Okla. 694, 160 Pac. 924.

In reviewing a case in this court, the burden is upon the appellant to establish error, and the additional fact that injury resulted to the prejudice of some substantial right. It is the duty of this court to disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the appellant. Laramore Hdwe. Co. v. Loengrich, 51 Okla. 751, 152 Pac. 349.

The undisputed testimony in the case shows that the plaintiff paid to the defendant $1.65 per foot for new pipe to be delivered, and, while there is some evidence in the record that the actual value of new pipe, or that the catalogue list price of new pipe, was some less than $1.65 per foot, yet it is evident that such pipe was selling on the open market for $1.65 per foot, which included a premium of something like 50c per foot. In this situation the jury probably did determine that the actual value of the pipe on the date of the sale was $1.65 per foot, and it is true, as a correct proposition of law, the court should have confined the jury in its instructions to the actual value of the pipe on the date of the sale as determined from a consideration of all of the evidence; but, in view of the record that the defendant tried the case upon the theory that he delivered to the plaintiff new pipe, as he had contracted to do, and the further fact that there is sufficient evidence from which the jury was warranted in finding that the market price of new pipe was $1.65 per foot, just what the plaintiff paid to the defendant, and the defendant having failed to assign in his motion for new trial any error in instructing the jury, the judgment must be affirmed. It is so ordered.

JOHNSON, C. J., and BRANSON, HARRISON, and MASON, JJ., concur.