**FAY STATE BANK v. BOSTER et al.**

No. 12990—Opinion Filed Feb. 26, 1924.

Rehearing Denied March 25, 1924.

**1. Appeal and Error—Saving Exceptions Below—Necessity..**

Errors occurring during a trial will not be considered by the Supreme Court unless such errors have been presented to the trial court by motion for new trial or otherwise.

**2. Execution—Relief Against—Motion to Release Property.**

A party claiming an interest in property levied upon under an execution has an ade- quate remedy at law by way of motion to have the property released from the levy.

**3. Estoppel—Who May Assert.**

An estoppel operates only between parties and privies, and the party who asserts an estoppel must be one who has in good faith been misled to his injury.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Grant County; J. W. Bird, Judge.

Action by Fay State Bank against R. E. Boster and Nettie Lewis. From a judgment in favor of the defendants, plaintiff brings error. Affirmed.

W. H. C. Taylor, for plaintiff in error.

Sam P. Ridings and E. H. Breeden, for defendants in error.

Opinion by PINKHAM, C. On the 7th day of January, 1921, a judgment was rendered in the district court of Grant county in favor of the Fay State Bank, plaintiff in error, and against one Wesley Lewis, for $350, inter- est, and costs.

On July 16, 1923, the plaintiff in error had an execution issued on said judgment. On the back of this execution is the return of the officer showing that he levied the execution on five head of horses and 400 bushels of wheat, and sold $103.07 worth of the wheat

by agreement of the parties and deposited the proceeds with the court clerk to await the determination of the instant case.

It appears from the evidence and judgment that $206.29 worth of the wheat in controversy had been sold and the money was in the Bank of Jefferson, and had been garnisheed.

None of these proceedings are set out in the record.

The defendant in error Nettie Lewis filed an interplea in said action claiming two of the horses. The defendant Wesley Lewis claimed two of the horses as exempt and also claimed certain wheat as exempt. The First State Bank of Pond Creek filed an interplea claiming an interest in the wheat by virtue of a mortgage. The defendant in error R. E. Boster filed an interplea claiming an interest in the wheat crop by virtue of a thresherman's lien for threshing the wheat crop, in the sum of $130.62, the same being the balance left unpaid, and that the person holding the money or proceeds of said wheat be directed to pay the said sum of $130.62, or that he be permitted to sell said crop as provided by law to satisfy said lien.

The plaintiff in error based its claim for a lien on said wheat crop and horses by virtue of a mortgage thereon. This mortgage was given to one E. H. Breeden and was taken up by the plaintiff in error and enforced as a successor in interest of the said Breeden.

On the hearing the court found that the First State Bank of Pond Creek has a first lien upon the fund in court amounting to $366.24, and it should be paid the sum of $58.13; that the Fay State Bank (plaintiff in error) has a second lien upon said fund in the sum of $206.29, and should be paid that sum; that R. E. Boster (defendant in error) has a third lien upon said fund of $101.83, and should be paid said sum from said fund; that the two horses claimed by Nettie Lewis (defendant in error) are her separate property; that 50 bushels of wheat in bins are exempt to defendant Wesley Lewis (defendant in error) as head of a family; that the Bank of Jefferson, garnishee herein, should be released from all liability from the payment into court of said sum of $263.24.

The court rendered judgment in conformity to said findings and ordered that the remainder of the property be sold and applied upon the judgment against the defendant Lewis.

To the ruling and judgment on the inter-

pleas of defendants in error, R. E. Boster and Nettie Lewis, the plaintiff excepted, and prayed an appeal in open court to the Supreme Court.

The following assignments of error are set out in the petition in error and in the brief of the plaintiff in error:

In permitting R. E. Boster to file an alleged interplea.

In refusing to strike from the files the alleged interplea of R. E. Boster.

In holding that the alleged interplea of R. E. Boster stated facts sufficient to constitute a cause of action against plaintiff.

In holding that R. E. Boster might intervene in said cause without giving the proper bond therefor.

In holding that the evidence was sufficient to sustain R. E. Boster's lien claim.

In holding that R. E. Boster was entitled to judgment.

In holding that Nettie Lewis had shown any title in her to the two horses released.

That said Nettie Lewis was not estopped by permitting her husband to hold himself out as owner of the two horses claimed by her.

That Nettie Lewis was entitled to judgment upon her claim of property.

No motion for new trial was filed; therefore errors occurring at the trial cannot be considered.

This court has held in numerous cases that alleged errors occurring at the trial may only be presented and reviewed in this court where such errors were properly presented to the trial court by motion for new trial or otherwise. Stekall v. Abraham, 90 Okla. 219, 217 Pac. 410, and cases cited. See Baker v. Citizens State Bank of Okeene, 71 Oklahoma, 177 Pac. 568.

As we view this case, the court committed no error in permitting the defendants in error to come in and have their rights in the property involved adjudicated.

The fact that the defendant in error Boster threshed the wheat in question is not in dispute, and no question is raised as to his charges for such work. It is contended that the defendant in error Boster, did not comply with the threshers' lien law in filing his lien statement. Boster made no application to sell the wheat. It had been sold either by the owner or by agreement of the parties and the proceeds of the sale deposited in

court to be distributed according to the order of the court among the several claimants.

As to the defendant in error Nettie Lewis she set out in her interplea the facts, and asked the court to hear evidence in regard to her title to the two horses in question, and that on such hearing they be released from the levy and returned to her as her property. A trial was had, and after hearing the evidence and being advised as to the law, the court found that the two horses in question in this interplea belonged to the defendant in error Nettie Lewis, and they were given to her in the judgment of the court as her property.

"A party claiming an interest in property levied upon under an execution has an adequate remedy at law by way of motion to have the property released from the levy." Crist v. Cosby, 11 Okla. 635, 69 Pac. 885.

In the brief of plaintiff in error it is contended that the defendant in error Nettie Lewis, owner of the two horses in question, had permitted her husband to mortgage them, together with his other property, on two occasions; once to the First State Bank of Pond Creek, and once to E. H. Breeden, and that by reason of her permitting said horses to be included in said mortgages she is estopped from claiming them.

It appears, as we view it, that in the case at bar both mortgages referred to were satisfied out of the mortgaged wheat included in the two mortgages, and that the defendant in error Nettie Lewis is simply claiming her own property as against an execution and levy to satisfy a judgment against her husband on an entirely different claim than that involved in the said mortgages.

"An estoppel operates only between parties and privies, and the party who asserts an estoppel must be one who has in good faith been misled to his injury." Condit v. Condit, 66 Okla. 215, 168 Pac. 456.

There is nothing in the record to show that the plaintiff in error was misled by any act or conduct of the defendant.

It appears that the plaintiff in error was fully protected by the court in the judgment complained of and reimbursed out of the mortgaged property in the sum of $206.29.

The court granted the defendant in error, Nettie Lewis the relief after hearing the evidence, as property belonging to her.

We perceive no prejudicial error committed by the trial court, and we are therefore of the opinion that the judgment should be affirmed.

By the Court: It is so ordered.