## BANK OF QUAPAW v. DENNEY et al.

No. 12973—Opinion Filed March 4, 1924.

Rehearing Denied April 15, 1924.

**1. Appeal and Error—Presentation of Error Below—Necessity.**

Errors occurring during a trial will not be considered by the Supreme Court unless such errors have been presented to the trial court by motion for a new trial or otherwise.

**2. Liens—Priority of Time.**

Different liens upon the same property have priority according to the time of their creation, other things being equal.

**3. Disposal of Cause.**

Record examined, and held, the judgment of the trial court should be affirmed as modified.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by the Bank of Quapaw against J. H. Denney and others; the First National Bank of Miami and the First National Bank of Picher, interveners. Judgment was rendered in favor of the First National Bank of Miami, the Bank of Quapaw, and the First National Bank of Picher, and further adjudging that the First National Bank of Miami had a first and prior lien upon the property involved, the Bank of Quapaw a second lien, and the First National Bank of Picher a third lien thereon. The Bank of Quapaw brings error. Judgment modified and affirmed.

Wm. M. Thomas, for plaintiff in error.

John H. Venable, for defendant in error First National Bank of Miami.

Opinion by PINKHAM, C. This appeal involves a controversy between plaintiff in error, the Bank of Quapaw, and the defendants in error, the First National Bank of Miami and the First National Bank of Picher, over the priority of liens on certain personal property described as "one two-story cement block building, located on lots 16

and 17 in the original town of Picher, used as a hotel."

The action was commenced in the district court of Ottawa county by plaintiff in error, the Bank of Quapaw, who was the plaintiff below, against the defendants in error, J. H. Denney, J. A. Maxon, and Addie Maxon, and subsequent to the time of filing this suit the defendants in error, the First National Bank of Picher and the First National Bank of Miami were allowed to intervene in said suit, claiming certain interests in the property in question.

The defendant J. H. Denney was served with notice by publication and did not appear in any manner in said cause.

Upon the trial of said cause and after hearing the evidence the court made findings of fact and conclusions of law. In accordance with the findings of fact and of law, the court rendered judgment, adjudging the First National Bank of Miami to have the first and prior lien on said property.

Motions for new trial were filed by the Bank of Quapaw and the First National Bank of Picher, and overruled and exceptions saved, and the cause comes regularly on appeal to this court.

For reversal of the judgment the plaintiff in error, the Bank of Quapaw, discusses the following assignments of error in its brief: First, that the court erred in finding of fact No. 13, the same being in direct conflict with and unsupported by the evidence; second, that the court erred as a matter of law in holding that the First National Bank of Miami had a first and prior lien upon the said hotel building.

An examination of plaintiff in error's motion for new trial shows that the trial court's attention was not called to this particular finding of fact, and if there was error in the said finding the trial court was given no opportunity to correct the same, even if it could be said that the finding of fact complained of constituted error.

This court has held in many decisions that alleged errors occurring in the trial may be only presented and reviewed in this court where such errors were properly presented to the trial court by motion for new trial or otherwise. Stekoll v. Abraham, 90 Okla. 218, 217 Pac. 410.

Aside from this it is sufficient to say that a careful examination of the evidence disclosed in the record shows that in the latter part of March, 1919, the defendant in error, the First National Bank of Miami, received from the defendant J. H. Denney the notes referred to, being eight of $200 each, and that the chattel mortgage relied upon by the plaintiff was executed and delivered to it at a later time, to wit, the 16th day of April, 1919, and filed for record on the 26th day of April, 1919.

We think the finding complained of is amply sustained by the evidence.

Plaintiff in error's second proposition to the effect that the court erred in holding that the First National Bank of Miami had a first and prior lien upon the property in controversy presents a more serious question.

The facts disclosed by the record necessary to be considered are substantially as follows:

Early in the year 1918 one A. Daniels decided to build a certain hotel building in the town of Picher. The building was built upon leased land under which lease contract the tenant had the right to remove the improvements therefrom at the expiration of the lease, thereby making the property placed thereon personal property.

About the time of the completion of this building the said A. Daniels and Lebe Daniels, his wife, executed to the defendant J. H. Denney and the State Bank of Picher their notes in the approximate sum of $5,500, the purpose of which is not disclosed by the evidence: it is alleged, however, by some of the parties in interest to have been to procure money to erect the said building.

During the month of April, 1918, the said Daniels and his wife executed to the said J. H. Denney a bill of sale to the said hotel building.

The said J. H. Denney was the cashier and acting manager of the First State Bank of Picher, which was, so far as the facts in this case are concerned, about the same as the Miners State Bank of Picher. The Miners State Bank and the First State Bank of Picher were afterward consolidated as the First State Bank of Picher.

On or about the 29th day of June, 1918, the said J. H. Denney executed and delivered to the defendants J. A. Maxon and Addie Maxon, his wife, a conditional sale contract to the said hotel building and the furniture, whereby the said Denney sold to them this building for the sum of $1,000 cash and about $7,500 in monthly payments of from

$200 to $300 each, running over a sufficient period to pay the balance per month, the said monthly installments being evidenced by negotiable notes, part of which were made payable to the said J. H. Denney and a part made payable to the Miners State Bank, of which bank the said Denney was cashier at the time.

Shortly after the making of this contract the Maxons went into actual possession of the said hotel building and remained in possession of the same until about December 1, 1918, at which time the Maxons sold the furniture.

Some time after this suit was filed and after the filing of their answer herein, the Maxons abandoned the premises and surrendered possession of the property. They were in arrears in their payments on the contract at that time.

The evidence discloses that on the 7th or 8th of April, 1919, the assets of the First State Bank were transferred and taken over by the First National Bank of Picher; and by virtue of said transfer of the assets the said A. Daniels and Lebe Daniels notes in the sum of approximately $5,500 and enough Maxon notes to bring the total up to about $8,500 were transferred and delivered to the First National Bank of Picher as collateral security on certain other notes, and that thereafter, the exact time not being disclosed by the evidence, several others of the Maxon notes, including this conditional sale contract, were delivered by J. H. Denney to the First National Bank of Picher, together with other papers.

Several of the Maxon notes that were delivered at that time were marked on the back "duplicate."

The evidence further shows that on the 16th day of April, 1919, J. H. Denney, who was at that time indebted to the Bank of Quapaw, plaintiff herein, in a sum exceeding $2,500, paid his indebtedness down to $2,500 and made a new note to the bank of Quapaw, plaintiff in error herein, for the sum of $2,500, due May 1, 1919, bearing interest at the rate of 10 per cent, and carrying 10 per cent. attorney fee if placed in the hands of an attorney for collection, and as security for the payment of that note the said Denney executed and delivered to the Bank of Quapaw a chattel mortgage upon the hotel building referred to, and when the note became due he failed to pay the same, whereupon this action was brought by the Bank of Quapaw, plaintiff in error, for the collection of said note, for foreclosure of the mortgage, and for possession of said building, upon the ground that said chattel mortgage had been broken.

The court found from the evidence that on or about the _____day of March, 1919, and prior to the date of the chattel mortgage in favor of the Bank of Quapaw, the defendant J. H. Denney, for value received, endorsed and delivered to the First National Bank of Miami eight of the series of notes executed by the defendant J. A. Maxon and Addie Maxon. pursuant to the terms of the conditional sale contract referred to.

It is admitted by all the parties that the Maxons purchased the property in controversy under a conditional sale contract, reserving title in the seller until the property was paid for, and it is conceded that the said contract was never deposited in the office of the county clerk of Ottawa county.

An examination of the record discloses conclusively, we think, that at the time J. H. Denney executed and delivered his promissory note to the Bank of Quapaw and gave his chattel mortgage on the building in question as security therefor, he assured the cashier of the Bank of Quapaw that the said property was free and clear from any incumbrance. The cashier of the Bank of Quapaw testified—and no witness disputed his statement—that Denney told him the building in question was his property and that Maxon was now paying rent, paying him directly. The record further discloses that before filing the said chattel mortgage the records of the county clerk's office were examined by the cashier of the Bank of Quapaw and nothing found of record to show that there was a conditional sale contract upon the said property, or any incumbrance of any kind or character through which the First National Bank of Miami or the First National Bank of Picher base their claims.

In view of this state of fact the Bank of Quapaw was clearly justified in believing at the time it loaned the said Denney $2,500 upon his note and mortgage that the title to the property involved was free and clear of incumbrances, and that it took the said mortgage upon the building in question in good faith without notice, actual or constructive, of the existence of a conditional sale contract or other incumbrance upon the said property, and that the said Denney was at the time in constructive possession of the same.

Furthermore, the evidence shows that the

said J. H. Denney borrowed some money from the First National Bank of Miami and executed and delivered to said bank his promissory note for the payment of the same, and gave a mortgage upon the hotel building in question, which mortgage was not placed of record.

Different liens upon the same property have priority according to the time of their creation, other things being equal. (Section 7416, Comp. Stat. 1921).

We are clearly of the opinion that the plaintiff in error, the Bank of Quapaw, is entitled to a first and prior lien on the property in controversy and that the transfer of some of these Maxon notes by endorsement in blank to the First National Bank of Miami would not, in view of the facts and circumstances disclosed by the record, entitle the said bank to a superior lien over the lien of the plaintiff in error.

The court rendered judgment in favor of the First National Bank of Miami, the Bank of Quapaw, and the First National Bank of Picher in the amount of their several claims and as before stated adjudged that the First National Bank of Miami had a first lien, the Bank of Quapaw a second lien, and the First National Bank of Picher a third lien on the property involved.

No brief has been filed on behalf of the First National Bank of Picher, and we conclude, after careful examination of the record, that there is ample evidence to sustain the finding and judgment of the court that the First National Bank of Picher is entitled to a third lien but for the reasons stated the judgment of the court as to the priority of liens between the First National Bank of Miami and the Bank of Quapaw, plaintiff in error, should be modified to the extent that the plaintiff in error, the Bank of Quapaw, is entitled to a first and prior lien, and that the judgment of the trial court so modified should be affirmed.

By the Court: It is so ordered.