**BOUSE et al. v. JOHNSTON.**

No. 21349. Opinion Filed Sept. 6, 1932.

Rehearing Denied Nov. 22, 1932.

Loofbourrow & Holcomb, for plaintiffs in error.

D. P. Parker, for defendant in error.

ANDREWS, J. This is an appeal fom a judgment of the district court of Harper county in favor of the defendant in error, the plaintiff in the trial court, against the plaintiffs in error, the defendants in the trial court. The parties hereinafter will be referred to as they appeared in the trial court.

The action was for breach of contract. The plaintiff, in his second amended petition, alleged that in August, 1923, he was the owner of 160 acres of land situated in Harper county, Okla., worth the sum of $9,000, with incumbrances against it in the sum of $3,200, leaving an equity therein of $5,800; that he was a bachelor, living alone; that he was past 75 years of age; that the defendants, with intent to cheat and defraud him and to secure a deed to his land, stated to him that they would pay him the sum of $150 per year on the 1st day of September each, so long as he should live, and that they would take him into their home and make him a member of the family, in consideration of his deeding to them his 160 acres of land; that relying on the false representations made, the plaintiff executed a warranty deed to the defendant Lelia Ethel Bouse; that at the time of the execution of the deed and as a part of the same transaction a contract was entered into between the plaintiff and the defendants, by the terms of which the defendants were to pay the plaintiff $150 per year annually on September 1st; that the plaintiff lived with the defendants under the contract from August, 1923, until August, 1927, when he was driven from the home of the defendants, and that the plaintiff did sufficient work about the premises to pay for his keep during the time he lived with the defendants.

The plaintiff alleged breach of the contract because of mistreatment, neglect, and being driven away from home, and prayed for the cancellation of his deed to the defendants, as well as their deed conveying the property to Elize S. Spicer, and that the title to the land be quieted in him, or that he have judgment against the defendants for $5,200, with interest, and foreclosure of a vendor's lien against the land.

The defendants, in their answer, admitted the execution of the deed and the contract to pay $150 per year, and alleged that the payments were made each year up to and including the year 1928. They denied that the land was of the market value of $9,000 at the time of the conveyance by the plaintiff, but alleged the value to be $5,000, and against which there was $3,700 indebtedness due. They alleged that they had sold the land to Elzie S. Spicer.

Elzie S. Spicer filed his answer and cross-petition and alleged that he was an innocent purchaser for value of the premises in controversy.

The cause was tried to the court and judgment was rendered quieting the title in Spicer, finding that the contract had been breached by the defendants and ordering that the contract be canceled, and entering a judgment against the defendants in favor of the plaintiff for the sum of $1,570. From that judgment the defendants J. E. Bouse and Lelia Ethel Bouse appealed to this court.

The defendants contend that the judgment of the trial court is not sustained by the evidence and is contrary to the law and the evidence. While the evidence is conflicting, we cannot say that the judgment is not sustained by the evidence. The rule of law applicable was announced in Critchlow v. Bacon, 142 Okla. 168, 285 P. 968, as follows:

"On appeal it is the duty of the court to approve the judgment of the court below in a case triable before the court, if it is not clearly against the weight of the evidence. * * *"

The defendants contend that the court erred in ruling out competent and material evidence offered on the part of the defendants and erred in admitting incompetent evidence on the part of the plaintiff. That objection pertains to the admission of certain testimony concerning the cost of a house in 1917 on the premises conveyed by the plaintiff in 1923, and as to certain work done by the plaintiff after moving to the home of the defendants. If in fact the court erred in allowing and refusing such testimony under

strict rules of admission of evidence, such error was harmless. The cause was tried before the court and not before a jury, and the trial court was capable of determining which evidence should be considered in arriving at the proper conclusion. The judgment of the trial court should not be set aside in such cases unless it appears that the error complained of has probably resulted in a miscarriage of justice. Section 3206, O. S. 1931 (section 2822, C. O. S. 1921); Emerson-Brantingham Implement Co. v. Ware, 71 Okla. 19, 174 P. 1066; Larimore Hardware Co. v. Loengrich, 51 Okla. 751, 152 P. 349.

The defendants contend that the judgment is excessive in that the land was of a market value not exceeding $5,000 or $6,000. The testimony as to the value of the land was conflicting, but we cannot say that the judgment is excessive.

The defendants contend that the trial court erred in overruling the demurrer to the plaintiff's second amended petition and in overruling the demurrer of the defendants to the evidence of the plaintiff. That contention is without merit. The principal objection to the plaintiff's second amended petition raised by the demurrer was that the plaintiff had joined two separate, distinct, and inconsistent causes of action in the petition. Section 199, O. S. 1931 (section 266, C. O. S. 1921) provides:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise out of any one of the following classes:

"First. The same transaction, or transactions, connected with the same subject of action. * * *"

In Carter Oil Co. v. Garr, 73 Okla. 28, 174 P. 498, this court held:

"Where a party has two or more distinct and separate reasons for the obtainment of the relief he asks, and where there is some uncertainty as to the grounds of recovery, the complaint may set forth a single claim, or ask for the same relief in several distinct counts or statements."

In Anderson v. Reed, 148 P. 502, the Supreme Court of New Mexico had under consideration a proposition similar to the one here presented. That court said:

"Such courts are not so much concerned as to the proper theory upon which such contracts may be avoided, as they are that they must be set aside in order to prevent grave injustice and the imposition upon aged people, by unscrupulous persons, who pretend love, devotion, and friendship, where no one of such elements exists. Cancellation is the only adequate remedy applicable to such a case, where there is a refusal or intentional failure to perform."

We find no error in the judgment of the trial court, and that judgment is affirmed.

Judgment is hereby rendered upon the supersedeas bond filed herein, against the defendants as principals and Elzie S. Spicer as surety thereon, for the amount of the judgment rendered by the trial court, with interest from the date thereof at the rate of six per centum per annum, together with the costs of this action, including the costs of this appeal.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.