## CARR v. PUCKETT.

No. 24198.   Feb. 25, 1936.

£. Hamilton and Ben Goff, for plaintiff in error.

C. A. Dearmon, for defendant in error.

PER CURIAM.   The plaintiff in error was defendant in the trial court and the defendant in error was plaintiff.   The parties will be referred to as they appeared therein.

On the 30th day of August, 1930, plaintiff filed his action to recover a personal judgment and to foreclose a mechanic's lien filed February 26, 1930.   The plaintiff alleges the filing of the lien and bases the action on a contract attached to the petition. This contract provides for the payment of the principal sum of $4,367.50 in certain installments at regulated intervals during the progress of the building covered by the contract, with a stipulation for the balance to be paid on the completion and approval of said building.   These stipulated payments were covered in terms according to a typewritten sheet drawn up separately to the principal contract and attached thereto by pasting on the larger sheet of the contract. The contract was on a form furnished by the plaintiff contractor, parts of which were printed.   Two of these contracts were executed, one to be retained by each party. Under the terms of the typewritten sheet, $1,500 was to be paid when the roofing was satisfactorily completed; $1,000 when the building was 80 per cent. completed; and "the balance of $1,367.50" when the same was completed and approved.   Obviously, by the terms of the contract, there is a conflict in the total contract price of $4,367.50 set out in the beginning of the contract and the total payments as contained in the typewritten sheet attached thereto.   This difference was $500 less in the total contained in the typewritten sheet.

As to the difference thus indicated, plaintiff alleges in his petition:

"Plaintiff alleges that the words and figures purporting to indicate the balance of contract price and final installment to be the sum of $1,367.50 as recited in said contract and as shown in paragraph two page 1 of this petition are erroneous and said sum, together with previous installments paid to plaintiff by defendant, constitute a sum of $500 less than total amount agreed upon as the contract price by the parties hereto; that said discrepancy could not have been corrected by reformation of the instrument for the reason that said error was not discovered by plaintiff until after completion of said building and refusal of defendant to pay plaintiff the sum of $1,897.50, the amount due him."

Plaintiff then alleges a payment of $2,500; further alleges a change in the specifications by agreement with relation to the building of a flue which is admitted by the defendant, and prays for the total as above alleged in the sum of $1,897.50.

The defendant filed his answer alleging that he entered into a contract with plaintiff by the terms of which he agreed to pay plaintiff $3,867.50.   That changes increased this sum by $30 to $3,897.50; that at a date unknown to defendant, plaintiff altered the first part of the contract by inserting in a blank space the sum of $4,367.50; that this rendered the contract null and void, and the plaintiff was entitled to recover only on quantum meruit.   In the second paragraph of his answer defendant then pleads a verbal agreement for a contract price of. $3,367.50; that the agreed increase of $30 relative the erection of a flue was made; alleges a payment of $2,500 and admits a balance due on the contract of $897.50.

In a cross-petition, defendant alleges that by reason of defects in construction by plaintiff, defendant was forced to expend $63 on the building; that, therefore, he owes but $834.50; that he has always been ready and willing to pay plaintiff all sums due; that plaintiff without his knowledge filed his lien, and that the failure of the plaintiff to accept the amount due and the defective

construction of the building has damaged the defendant in his credit and reputation in the sum of $1,000, for which he prays judgment. He asks that the lien be stricken as void, and that he have judgment as aforesaid.

As a reply plaintiff filed a general denial to the answer and cross-petition.

None of these pleadings are contested by demurrer, motion or otherwise. The cause was tried to a jury, resulting in a verdict for the plaintiff in the sum of $1,584.50, upon which judgment was rendered, motion for new trial was filed, presented and overruled, and the defendant brings the case here for review.

The court gave two instructions to which attention should be called. The first was that under the contract the defendant was bound for not less than $1,367.50. The second was that the burden was on the plaintiff to prove that the sum of $4,367.50 was not in the contract when defendant signed the same. The defendant nowhere excepted to the giving of the instructions. On the issues made by the pleadings and the instructions without objection to either by either party, the case was submitted to the jury.

The allegations of the petition in error are seven in number, which shall not be set out in detail other than to refer thereto as presented in the specifications in the brief.

These allegations in error are presented in the brief of the defendant in two propositions: The first is that the court erred in admitting incompetent, irrelevant and immaterial testimony offered by the plaintiff, which was duly excepted to by defendant and exceptions allowed. There follows then the excerpts from the testimony of the plaintiff, A. W. Puckett, with relation to certain transactions had by the parties prior to the execution of the two contracts in dispute, which culminated in the introduction of a slip of paper identified by the plaintiff as the estimate made to the defendant upon which the contract was based. This testimony tended strongly to support the theory of the plaintiff in the case that the original contract was to be for the total sum of $4,367.50; that defendant had notice thereof and agreed thereto. Thereafter defendant took the stand and gave his version of these proceedings, detailing in particular why the contract was to be in the sum of $3,367.60. Defendant now complains

of the introduction of this testimony on the ground that it tends to vary the plain terms of a written instrument. With this we cannot agree. Defendant was the first to dispute the terms of the contract and to rest the case upon the illegal acts of the plaintiff. The testimony was relevant upon two theories, Either to sustain the contract as in the terms alleged, or to recover on quantum meruit as supporting the actual and fair value as alleged in the answer of the defendant. The defendant, having selected the battle ground, and having gone to trial without objection to the issues as made by him, cannot be heard to complain. The error, if any, was invited by the defendant, and it cannot avail him now. Plaintiff in his answer brief defends the action of the court in admitting this testimony under the rule that the contract was ambiguous, and cites the cases of Strange v. Hicks, 78 Okla. 1, 188 P. 347, and Cohee v. Turner & Wiggins, 37 Okla. 778, 132 P. 1082. In the latter case this court said:

"Such evidence is not admitted for the purpose, nor does it have the effect of varying the language of the written instrument; it is admitted to explain and clear away the doubt and uncertainty inhering in the written language itself."

We are of the opinion that the court did not err in admitting the testimony of which complaint is made, for the reason that it is within the issues as raised by the parties in their pleadings.

The second proposition is that the verdict is contrary to the evidence and is not sustained by the evidence. We are not permitted to consider this specification of error for the reason that the defendant neither demurred to the evidence nor moved for a directed verdict. Under numerous opinions of this court, this alleged error cannot be considered. Holland Banking Co. v. Dicks, 67 Okla. 228, 170 P. 253; Grayson v. Brown, 166 Okla. 43, 26 P. (2d) 204; Midland Valley Railroad Co. v. Barnes, 162 Okla. 44, 18 P. (2d) 1089; Local Building & Loan Ass'n v. Hudson-Houston Lbr. Co., 150 Okla. 44, 3 P. (2d) 156.

These are the only allegations of error presented in the brief by argument or citation of authorities. All others are waived. Moseley v. Boyd, 167 Okla. 485, 30 P. (2d) 897.

The judgment of the trial court is affirmed.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.