**COOK v. SHEFFIELD.**

No. 27606.   Jan. 18, 1938.

Rehearing  Denied  Feb. 8, 1938.

Milton W. Hardy, for plaintiff in error.

W. C. Abrams and Fred B. Ropkey, for defendant in error.

GIBSON, J. This is an appeal from a judgment of the court of common pleas of Tulsa county rendered upon a verdict in favor of plaintiff below in an action to recover a real estate broker's commission. The parties are here designated as they appeared at the trial.

The first and second assignments of error challenge the sufficiency of the evidence to support the verdict. Defendant says the court erred in overruling his demurrer to plaintiff's evidence, and that the verdict and judgment were contrary to the law and the evidence.

The question of the sufficiency of the evidence is not here for review. Defendant by proceeding with his defense testimony and failing to stand on his demurrer waived any error in connection with the ruling thereon. Plains Petroleum Corporation v. Hatcher, 177 Okla. 22, 57 P. (2d) 599. Thereafter, in order to save the question, it was necessary that defendant either renew his demurrer at the conclusion of all the evidence or move for a directed verdict. Here neither action was taken. The applicable rule is stated in Carr v. Puckett, 176 Okla. 140, 54 P. (2d) 1063, as follows:

"Where the evidence is not challenged by a demurrer thereto, or by a request for a directed verdict, this court, in a law cause, will not consider the sufficiency of the evidence to support the verdict rendered."

Defendant next charges error in the reception and rejection of certain evidence.

Plaintiff on direct examination was asked whether defendant knew that the plaintiff was showing the property, to which question the defendant objected as calling for a conclusion of the witness, and at the same time stated that the witness "may testify if he told him." The witness then answered: "Yes, he knew it, because I introduced some of the customers to Mr. Cook while we were looking through the house."

While the foregoing question may have been improper as calling for a conclusion or opinion of the witness as to the belief or knowledge of another concerning a given matter, the answer thereto was one of

fact and not conclusion or opinion, and was sufficiently responsive to the plain purpose of the question, namely, whether the defendant Cook actually knew that the plaintiff was attempting to sell the property. The error, if any, in overruling objection to the question was corrected by the answer and therefore rendered harmless. See 4 C. J. 966, n. 99; Sulzberger & Sons Co. v. Hoover, 46 Okla. 792, 149 P. 887.

Plaintiff was also asked: "Do you know whether or not Mr. Cook was aware of the advertising of the property?" and defendant objected thereto as calling for a conclusion, whereupon the question was modified as follows: "I am asking him if he knew whether Mr. Cook had that knowledge." The court then overruled the objection and the answer was: "Yes; in fact, he asked me to advertise it."

The latter question may have called for a conclusion, but the answer, like the one above, was a statement of fact, a fact showing knowledge on the part of defendant, and not a conclusion of the witness. Error, if any, in overruling the objection was thereby rendered harmless.

Defendant next complains of the action of the court in overruling his objection to plaintiff's testimony concerning a telephone conversation between defendant and the purchaser of the property in question.

After testifying that he was present when defendant called the purchaser by telephone, plaintiff was examined as follows:

"And you heard Mr. Cook's part of the conversation? A. Yes. Q. What did Cook say? A. Well, he talked just about everything to start with; finally he asked him—said he had not seen him that day and wanted to know if he was going to put up a check, and he said yes, that he would; that he had to go out to the lease the next day or two and that he would probably be in Tuesday and put up a check."

Defendant's objection to this evidence as hearsay was overruled.

The purchaser's portion of the conversation as related by plaintiff may have been hearsay, but that part of his answer was in no way responsive to the question put by counsel. He was not asked to relate the purchaser's portion of the conversation.

Error cannot be predicated upon the action of the court in overruling objection to evidence as hearsay where the testimony is not responsive to the question. While the court may on motion of a party or of its own motion strike the objectionable evidence or withdraw it from the consideration of the jury by proper instruction (64 C. J. 231), mere objection as hearsay is insufficient to invoke the affirmative action of the court in the matter. The proper procedure in such case is by way of motion to strike or to request an instruction that the jury disregard the evidence. The proper rule is stated in 64 C. J. 204, as follows:

"A motion to strike out is also necessary where the witness makes a voluntary statement or testifies without a question being addressed to him: where an answer to a proper question is not responsive or is otherwise improper. * * *"

Had the objection here been to the question, it still would not have reached the improper answer. As stated in 64 C. J. 178, sec. 200:

"An objection to a proper question does not reach an answer which is not responsive, or is otherwise objectionable, the proper practice being to move to strike out the answer, or to ask the court to instruct that the objectionable matter be disregarded: and, where part of an answer is not responsive, it should be objected to on that ground, and a motion made to strike it out, instead of objection being made to the question. Where the answer is objected to, and the objection is sustained, such answer may still be considered by the jury unless it is expressly excluded from them, or they are instructed to disregard it."

Had the court in the instant case sustained the objection, little or no benefit would have resulted to the defendant. The jury would yet be at liberty to consider the evidence in the absence of express instruction from the court to the contrary. It was defendant's duty to seek that instruction. If the jury has considered the improper evidence, no complaint can now be heard.

Defendant alleges error in the court's action in overruling his objection to a certain question where counsel's objection was in form as follows: "I object to that question." No reason for the objection as required by statute was given. Therefore the matter will not be considered. Section 291, O. S. 1931 (sec. 609, C. O. S. 1921); Worrell v. Allen, 93 Okla. 3, 219 P. 367. There the court held:

"Simply objecting to the admissibility of evidence, without assigning the statutory grounds named in section 609, Compiled Oklahoma Statutes 1921, or any other ground of objection, is not such an objection as will cause this court to review the action of the trial court in overruling the purported objections."

Defendant says next that the court erred in sustaining plaintiff's objection to a certain question wherein plaintiff was asked on cross-examination whether he had attempted to procure a written contract with the purchaser concerning the sale of the property in question. Defendant says this question was proper for the reason that under local custom and usage, and law, a written agreement on the part of the purchaser to purchase the property is one of the requisites to recovery of a broker's commission. Our attention is called to no evidence establishing such custom; nor is any authority supporting the contention cited. We will not, therefore, consider it further.

A further objection to the reception of evidence is made, but no prejudicial error is shown, and none is apparent, and no authority cited to support defendant's contention. Under such circumstances, this court will not further consider the assignment. Satterwhite v. Magnolia Petroleum Co., 175 Okla. 35, 51 P. (2d) 959.

Defendant charges that certain of the instructions were erroneous in that they permitted the jury to consider the question of defendant's liability for the broker's commission from the standpoint of both express and implied contract in the face of the allegation of express contract alone. There was some evidence of both express and implied contract. The presumption is that the court's instructions in this respect were correct. There may have been a variance between the evidence and the cause pleaded. In fact, defendant says there was a variance, that the same was material, prejudicial, and misleading, and called to the attention of the court in due time, and that no amendment of the pleading was had and none requested by plaintiff.

A material variance is defined in section 245, O. S. 1931, as follows:

"No variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party, to his prejudice in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just."

Section 246, O. S. 1931, sets out the duty of the court when the variance is immaterial, as follows:

"When the variance is not material, as proved (sic) in the last section, the court may direct the fact to be found, according to the evidence and may order an immediate amendment without cost."

The record discloses no attempt on the part of defendant to show to the trial court that he was misled by the variance to his prejudice. We find no record where a variance was specifically called to the attention of the trial court. Defendant says it was called to the court's attention by reason of objections to certain evidence which if admitted would have constituted a variance. We find no merit in this contention. The attention of the court must be specifically called to the variance and its prejudicial effect shown. See Conaway v. Bolt, 174 Okla. 180, 50 P. (2d) 170. Unless this is done, the party complaining waives the variance, and the pleading will be deemed to have been amended to conform to the proof. In Parsons v. Heenan, 104 Okla. 86, 230 P. 502, the court on this question held as follows:

"Where a variance has not been called to the attention of the trial court, the pleading will be deemed to have been amended to conform to the proof."

Under the circumstances here presented, plaintiff's pleading is deemed to have been amended, resulting in a declaration upon an express contract and, in the alternative, upon an implied contract. He has sought the same relief upon two counts, which is permissible under the statute, section 199, O. S. 1931, if he was in doubt as to his proper ground. Bouse v. Johnston, 160 Okla. 168, 16 P. (2d) 125.

A party is entitled to have his theory of the case presented to the jury where properly pleaded, and where the evidence tends to support it. Johnson v. Harris, 166 Okla. 23, 25 P. (2d) 1072. This rule applies as well to numerous theories where their consistency remains unchallenged, including those theories arising from the evidence alone and unsupported by the original pleadings, where the question of material variance is not raised at the trial. See Getman, etc., Drug Co. v. Acosta, 162 Okla. 77, 19 P. (2d) 149.

In support of his contention that the instructions were erroneous, defendant cites certain decisions of this court dealing with instructions allowing recovery on either express or implied warranty when but one theory is supported by the pleading. The decisions quoted from are found to support the proposition that an instruction permit-

ting recovery upon either theory when but one was pleaded constituted error where the evidence supported only one theory. See Kennedy v. Goodman, 39 Okla. 470, 135 P. 936; Manglesdorf Seed Co. v. Pauls Valley Grain & Seed Co., 134 Okla. 210, 273 P. 252, and authorities there cited. They are not applicable here.

We find no error. The judgment is therefore affirmed.

OSBORN, C. J., and RILEY, PHELPS, and DAVISON, JJ., concur.