## MANGLESDORF SEED CO. v. PAULS VALLEY GRAIN & SEED CO.

No. 17678. Opinion Filed Nov. 20, 1928.

Rehearing Denied Jan. 5, 1929.

Burford, Miley, Hoffman & Burford, for plaintiff in error.

Blanton, Osborn & Curtis, for defendant in error.

DIFFENDAFFER, C. For convenience the parties will be designated as in the trial court, defendant in error, as plaintiff, and plaintiff in error, as defendant.

Plaintiff brings this action for damages, and alleges, in substance, that in February, 1924, it contracted with defendant for the purchase of 3,000 pounds of standard evergreen broom corn seed, and that thereafter defendant delivered to plaintiff at Pauls Valley, Okla., 3,000 pounds of broom corn seed represented by defendant to be standard evergreen broom corn seed; that plaintiff was in the grain and seed business, and that both parties knew and contemplated that plaintiff was purchasing the seed for resale to farmers and producers of broom corn in the vicinity of Pauls Valley, and that the seed would be used for that purpose: that standard evergreen broom corn produced more and a better grade of broom corn in the vicinity of Pauls Valley than the variety known as dwarf broom corn, and sells more readily at a better price, all of which was well known to both parties; that by an examination and inspection of the seed, it was impossible for plaintiff, or anyone, to determine whether the seed was of the standard evergreen variety or the dwarf; that plaintiff bought the seed in question upon the representation of defendant that it was standard evergreen broom corn seed,

and that defendant delivered same to plaintiff, with that representation and statement that they were such variety and they were so labeled and tagged.

Appropriate allegations were then made showing that plaintiff, relying on the representation so made, resold said seed to farmers and producers in turn guaranteeing to them that the seed was standard evergreen broom corn seed; that a number of farmers planted said seed, which proved to be dwarf broom corn seed instead of standard evergreen, and that thereby plaintiff became liable to its customers in large sums to its damage in the sum of $3,000, for which sum judgment was asked. Defendant answered by way of general denial, and further:

"That or about the 28th day of January, 1924, at Atchison, in the state of Kansas, it sold to the defendant (plaintiff), acting through J. A. Loller, then and there its officer and agent, then and there duly authorized to make said purchase and to do all things and make all contracts in connection therewith, the said Loller, being then and there personally present at the home office of this defendant in Atchison, Kan., certain broom corn seed, which sale constitutes the only transaction in broom corn seed between the parties in the months of January, February, or March, 1924; that at said time and place, and as the final consummation of the terms of said sale, this defendant made, executed and then and there delivered to the said Loller, then and there acting as such duly authorized agent of the plaintiff, a certain confirmation of sale in writing, which said instrument contained upon its face, as a part thereof and above the signature thereto, the words:

" 'We give no warranty, express or implied, as to description, quality, productiveness, or any other matter of seeds we sent out, and we will not be in any way responsible for crop.'

"That an original duplicate of said confirmation was then and there delivered to said plaintiff acting through the said Loller, then and there authorized as agent as aforesaid, and the said plaintiff received, accepted, retained and agreed to the same. That thereafter, in accordance with the terms of said sale, this defendant, at Atchison, Kan., delivered the seed so sold to the Atchison, Topeka & Santa Fe Railway Company, a common carrier of merchandise, with bill of lading thereof made out to plaintiff and freight paid, the said carrier being then and there the agent of the plaintiff for said purpose, and delivery to said carrier being and constituting delivery to the plaintiff."

The answer was filed May 9, 1925, and no reply thereto was filed until the day of

trial, January 11, 1926. On that date, and before reply was filed, defendant moved for judgment on the pleadings, at which time plaintiff asked and obtained leave to file a reply. The reply was an unverified general denial. Defendant's motion for judgment on the pleading was overruled, and the issues, as thus joined, were tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.

The second and third assigments of error going to the motion to require plaintiff to make its petition more definite and certain and the demurrer to the petition are not presented in the briefs and are thereby waived.

The fourth assignment is that the court erred in overruling the motion of defendant for judgment on the pleadings.

It is earnestly contended by defendant that, it having pleaded that, as the final consummation of the terms of the sale it made, executed, and delivered to Loller, the agent of plaintiff, a certain confirmation of sale in writing which contained above the signature thereto the words:

"We give no warranty, express or implied, as to description, quality, productiveness, or any other matter of any seeds we send out, and we will not be in any way responsible for crop"

—the reply of plaintiff not being verified, the execution of the alleged confirmation of sale was thereby admitted, and the express disclaimer of warranty therein contained should preclude plaintiff from recovery, and that it was error to overrule the motion of defendant for judgment on the pleadings.

It is well settled in this state that in all actions allegations of the execution of written instruments and indorsements thereon shall be taken as true unless the denial of the same be verified.

In St. Louis & S. F. Ry. Co. v. Driggers, 65 Okla. 297, 166 Pac. 703, it was held:

"Where a written instrument is pleaded as the basis of a defense to a cause of action, an unverified reply does not put in issue the execution of such instrument, and there is no necessity for proving the same on the trial."

"The admission of the execution of a written instrument by the pleadings admits them with all of their legal effect that must of necessity follow, and this legal effect is to place them before the court with all of their contents, terms, conditions, and stipulations expressed therein, and it is unnecessary to introduce them in evidence."

St. L. & S. F. Ry. Co. v. Taliaferro, 66 Okla. 121, 168 Pac. 438.

Section 287, C. O. S. 1921, provides:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

Following the rule announced, it may be said that plaintiff, by its failure to deny under oath the allegations of the execution of the alleged confirmation of sale, admitted the same with all its legal effect, and this legal effect was to place it before the court with all the contents, terms, conditions, and stipulations expressed therein, and to relieve the defendant of the necessity of introducing same in evidence. Allowing this rule in its full force, does it follow that defendant was entitled to judgment on the pleadings? It must be borne in mind that there is no allegation in the answer that plaintiff signed the confirmation. It is only alleged that it was executed by defendant. This is as far as the admission goes. Plaintiff by its failure to verify its reply does not admit the allegation in the answer that the transaction referred to constituted the only transaction in broom corn seed between the parties in January, February, or March, 1924, nor does it admit that the delivery of the seed in controversy was made and accepted under the alleged confirmation of sale.

In Harn v. Interstate Building & Loan Co., 77 Okla. 265, 188 Pac. 343, this court, in discussing the effect of section 4759, Revised Laws 1910, sec. 287, C. O. S. 1921, supra, said:

"But neither this section of the statute nor any other provision of the Code with which we are familiar provides that all other allegations in the petition must also be taken as true unless they are denied by the affidavit of the party, his agent, or attorney."

In Dunn v. Claunch, 15 Okla. 27, 78 Pac. 388, it was held:

"In an action on a forthcoming bond, an unverified general denial admits the execution of the bond, but puts in issue an allegation in the petition to the effect that the property was delivered to the defendant when the bond was approved by the sheriff, and also puts in issue an allegation that the defendant had removed the attached property from the territory, and failed to surrender it to be sold to satisfy the judgment pursuant to the terms of the bond."

A number of cases are cited by plaintiff under its contention that this is not such a written contract as is contemplated in section 287, C. O. S. 1921, supra, among which is Carter Oil Co. v. Garr, 73 Okla. 28, 174 Pac. 498, and Pennington Grocery Co. v. Wood, 97 Okla. 220, 223 Pac. 368.

All the cases cited by defendant involve the allegations of the execution of written instruments by the party sought to be charged thereby, and not by one seeking to enforce the terms of a written instrument alleged to be executed by himself alone.

In the instant case, plaintiff was not relying on a written contract, but relied upon an oral agreement and warranty. The general denial of defendant put this question in issue. In C., R. I. & P. Ry. Co. v. Spears, 31 Okla. 467, 122 Pac. 228, this court said:

"The defendants having pleaded the contracts, and the same being admitted, because no reply was filed, still they were not entitled to have judgment rendered in their favor upon the pleadings, because of the issue joined by the general issue as to the death of the four head of cattle and the value thereof. And for the same reason the court did not err in overruling the demurrer to the evidence interposed by the plaintiffs in error."

In A., T. & S. F. Ry. Co. v. Robinson, 36 Okla. 435, 129 Pac. 20, it was held:

"Plaintiffs sued for damages done to a shipment of race horses, alleging shipment to have been made under a definite verbal contract, charging gross negligence and praying for full amount of damages. Defendant answered by general denial and by pleading a written contract which limited its liability to the value therein named, and by the further allegation that the written contract was the only one made between the parties. Plaintiff's reply was in effect an unverified general denial of new matter. Held, the overruling of defendant's motion for judgment on the pleadings because of the unverified reply was not error.

"The issues whether the shipment was made under a verbal agreement and whether defendant was guilty of gross negligence were joined by defendant's general denial, and plaintiff had the right to have such issues determined and was entitled to any evidence relevant, competent, and material to a determination of same, regardless of the written contract, and regardless of the fact that a determination of such issues had the effect of rendering the provisions of the written contract not binding."

The latter case was appealed to the Supreme Court of the United States, and there reversed, but the reversal was not based upon the order denying the motion for judgment on the pleadings, but upon the ground that the oral contract relied upon was in violation of the Act of Congress of June 29, 1906, regulating liability for property transported by common carrier in interstate commerce.

Other cases are cited by plaintiff, but they go to the effect of a limitation or change of condition contained in an invoice delivered subsequent to the date of the contract.

We conclude, under the authorities cited, it was not error to overrule the motion for judgment on the pleadings.

Assignments of error based upon the introduction of evidence tending to show a warranty in an oral agreement are presented, but we think the evidence competent under the rule announced in C., R. I. & P. Ry. Co. v. Spears, supra.

Assignments are presented based upon the refusal of the court to sustain the demurrer of defendant to plaintiff's evidence, and refusal to direct a verdict for defendant.

We think these rulings were correct in view of the real issue being whether the seeds were shipped and accepted under the oral contract, or under the alleged written contract. This appears to us to be the vital issue in the case, and is a question for the jury under proper instructions. Plaintiffs evidence tends to prove the oral warranty, and specifically denies the delivery to it of the written confirmation containing the disclaimers of warranty, while defendant's evidence tends to prove the execution and delivery by defendant of the written confirmation and the acceptance of same by plaintiff. We think the case must turn upon the question of what was the actual contract between the parties, and this is a question of fact that must be determined by the jury under proper instructions.

Defendant also complains of the refusal of the court to instruct the jury:

"(1) You are instructed that when a contract of sale is reduced to writing, that all statements or representations made in the course of the negotiations not incorporated in the written agreement do not form or constitute any part of the contract.

"(2) You are instructed that when a contract is reduced to writing, that all the terms and conditions of the sale are governed by the writing, and cannot be varied by oral statements made either before or after the execution of the written contract.

"(3) The execution of a contract of sale in writing whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning the mat-

ter, which proceeded or accompanied the execution of the instrument."

As pointed out, the main issue was whether the real contract was oral, as contended by plaintiff, or written, as contended by defendant. This issue was not by any specific instruction submitted to the jury.

The requested instruction or the substance thereof should have been given in connection with an instruction presenting the issue above stated. It is the duty of the trial court to instruct the jury on the theory of each party, and this we think was not fully done.

The other assignments of error are based upon instructions given. The third instruction given was:

"Under the law the seller of personal property does not warrant the character or value of the property sold, and the purchaser must buy same at his own risk and on his own judgment, and unless you find from a preponderance of the evidence that the defendant in making said sale to the plaintiff did as a matter of fact either expressly or impliedly warrant said seed to be standard evergreen seed, then and in that event, no warranty would be implied by law, and you should find for the defendant."

The seventh instruction was:

"Unless it should appear to the jury by a fair preponderance of the evidence that the defendant expressly or impliedly warranted the quality and kind of seed, or if it should appear that such warranty was in fact not made, then your verdict should be for the defendant."

It will thus be seen that the trial court submitted the case upon the theory that plaintiff might recover either under an express or implied warranty. We think this was error, as no question of implied warranty was presented by the evidence of plaintiff, and the trial court excluded evidence offered by defendant which would, in effect, tend to disapprove an implied warranty. If plaintiff was entitled to recover at all, it was by reason of the express warranty pleaded and concerning which it produced its evidence.

In Burgess v. Felix, 42 Okla. 193, 140 Pac. 1180, it was held:

"In an action for damages for the breach of an express warranty, where the court instructs the jury on the question of an express warranty as alleged in the petition, and also instructs the jury on the question

of an implied warranty, held, that it was error to give an instruction as to an implied warranty because it permits a recovery for the breach of an implied warranty not alleged in the petition, the nature and terms of which implied warranty were not alleged in the petition or defined in the instructions."

The above case has been cited with approval in many cases. See City of Chickasha v. Hollingsworth, 56 Okla. 341, 155 Pac. 859; St. Louis & S. F. Ry. Co. v. Bruner, 56 Okla. 682, 156 Pac. 649; St. L. & S. F. Ry Co. v. Dobyns, 57 Okla. 643, 157 Pac. 735; Stekoll v. Abraham, 90 Okla. 218, 217 Pac. 410; and Gulf, C. & S. F. R. Co. v. Harpole, 111 Okla. 305, 239 Pac. 609.

In White v. Oliver, 32 Okla. 479, 122 Pac. 156, it is held:

"It is error to give an instruction, presenting to the jury a theory of the case, when there is no evidence to support the theory."

In Maurmair v. National Bank of Commerce of Tulsa, 63 Okla. 283, 165 Pac. 413, it was held:

"It is error for the trial court to instruct the jury upon an irrelevant issue, not raised by the pleadings, or of which there is no evidence, when the instruction is calculated to mislead the jury."

Under the foregoing authorities, we think the instructions complained of were prejudicial error.

Complaint is also made of the rejection of certain evidence offered by defendant concerning the custom of seed dealers in Kansas, with reference to giving warranties of seed sold by them. We think the ruling was correct, since plaintiff was relying on an express warranty and defendant was relying on an express disclaimer of warranty.

Complaint is also made of the rejection of certain evidence by which it was sought to prove that at the time the transaction was had, Kansas had no law regulating the inspection and labeling of seeds sold for planting purposes. Plaintiff was not relying upon any violation of such law, nor was any law providing for inspection, testing, or labeling the seeds involved.

For the errors pointed out, the judgment should be reversed, and defendant be granted a new trial.

BENNETT, HERR, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.