## MANGLESDORF SEED CO. v. PAULS VALLEY GRAIN & SEED CO.

No. 20763. Opinion Filed March 8, 1932.

Burford, Miley, Hoffman & Burford, for plaintiff in error.

Blanton, Osborn & Curtis, for defendant in error.

CULLISON, J. Plaintiff instituted suit seeking to recover damages from defendant on the grounds that certain broom corn seed purchased from defendant by plaintiff was not as warranted.

This case was tried in the district court, and plaintiff secured a verdict, which was appealed to this court and reversed. 134 Okla. 210, 273 P. 252. In reversing said cause, this court held:

"As pointed out, the main issue was whether the real contract was oral, as contended by plaintiff, or written, as contended by defendant. This issue was not by any specific instruction submitted to the jury. The requested instruction, or the substance thereof, should have been given, in connection with an instruction presenting the issue above stated. It is the duty of the trial court to instruct the jury on the theory of each party, and this we think was not fully done."

The cause was remanded to the trial court for a new trial, and a new trial had thereon, resulting in judgment for plaintiff. From said judgment, defendant appeals to this court and alleges as error:

"That the verdict is not supported by sufficient evidence and is contrary to law."

There was a large volume of testimony adduced at said trial, and after a careful consideration of said testimony, we find that the same substantiates the verdict of the jury; that there is adequate competent testimony in the record to sustain the verdict of the jury; and, where there is adequate competent testimony in the record to sustain the verdict of the jury, this court will not reverse the judgment of the lower court on the grounds of the sufficiency of the evidence.

Defendant also states in its brief that:

"Under the issues made by the pleadings in this case, the plaintiff was not entitled to recover, except upon an express warranty."

This question was submitted to the jury under proper instructions by the trial court, whereby the court instructed the jury relative to the theory of both plaintiff and defendant in said cause and permitted the jury to determine from all the facts and circumstances whether plaintiff's or defendant's theory of said cause was supported by the evidence. The jury, after hearing the evidence and considering said matter, rendered its decision, holding that plaintiff's theory of said cause was correct and supported by the evidence.

This was the very point upon which the case was reversed in the former decision by this court, cited supra, and the trial court in the trial of said cause followed the directions of this court in the former opinion so that there was no error therein.

The second assignment of error is that:

"The court erred in the instructions given the jury, and in refusing instructions requested by defendant."

We have considered the instructions in said cause in connection with the former decision of this case by the Supreme Court, and find that said instructions correctly embody the law of said cause and that the instructions as given by the court do not contain reversible error.

We have also examined the instructions requested by defendant and refused by the trial court, and after considering said requested instructions with the instructions given by the court and the facts and circumstances in said cause, we conclude: That the failure of the trial court to give said requested instructions does not constitute error.

Defendant next assigns as error that:

"The plaintiff's claim was for unliquidated damages, and it was error to render judgment for interest on the amount found by the jury."

The record discloses that the case was tried to a jury and that no instruction was submitted to the jury relative to interest.

The jury returned a verdict in favor of plaintiff in the amount of $2,200. Defendant filed a motion for new trial and plaintiff filed a motion for judgment with interest. Said matters were heard by the court and the motion for new trial was overruled. The court heard evidence on the motion for judgment with interest over the objection of defendant, and proceeded to render judgment for plaintiff in the sum of $2,200, with interest at 6 per cent. per annum upon $835 thereof, from May 1, 1926, and on $1,364.95 from January 1, 1925, which interest amounts to the sum of $494.-18, and which judgment is, in the aggregate, $2,694.18.

After the court heard evidence relative to the assessment of interest, defendant filed a second motion for new trial, because the court opened the case and took further testimony after the case had been closed and the verdict rendered by the jury; also, for the further reason that the court changed and reformed the verdict of the jury by increasing the same to include certain items of interest. Said second motion for a new trial was overruled, to which ruling of the court defendant saved exceptions.

The question under consideration has never been passed upon by this court.

Section 5972, C. O. S. 1921, provides:

"5972. Interest upon Damages: Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt."

Section 5973, C. O. S. 1921, provides:

"5973. Jury May Allow Interest: In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud or malice, interest may be given in the discretion of the jury."

The sections just quoted have been under consideration by this court numerous times, but at no time has the court had occasion to pass upon a situation similar to the one at bar.

The two sections just quoted come to us from the Dakota Code (Comp. Laws 1887), where they are sections 4577 and 4578 of article 2, chapter 1, under "Damage." Said article 2 is entitled "Interest as Damages," which would leave the inference that when said sections were originally enacted and

provision made relative to the collection of interest, said interest was considered a part of the damage to be recovered by the injured party.

All questions relative to damages are questions for the jury to decide unless agreement is made that the same may be tried to the court.

Sections 5972 and 5973 were considered by this court in the case of St. L.-S. F. Ry. Co. v. Clark, 104 Okla. 24, 229 P. 779, and at page 27 of Okla. Report the court stated, in substance, that section 5973 should be considered with section 5972; that the damage referred to in section 5973, subject to interest in the discretion of the jury, refers to the "damage certain or capable of being made certain by calculation," as provided for in section 5972. Thus the two sections must be considered together, and notwithstanding section 5972 provides that any person who is entitled to recover damages certain or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day.

Under the holding of this court in St. Louis-S. F. Ry. Co. v. Clark, above cited, the provisions in section 5973, providing that the "interest may be given in the discretion of the jury," must be considered with section 5972.

We further observe that the damages in the case were not certain because plaintiff sued for $3,000 and recovered by the verdict of the jury $2,200, so that the amount plaintiff claimed was not certain until fixed by the verdict of the jury.

In the case at bar the case was tried by the jury, and at no time did the defendant agree that said cause should be tried without a jury.

When the court took under consideration plaintiff's motion for the court to include the interest in said judgment, defendant objected to the court taking said action on a matter that had been tried by a jury and judgment rendered thereon.

As we view the question under consideration, there were questions of fact to be ascertained relative to amounts of interest that should be computed, if allowed in said cause, and that said questions of fact should have been submitted to the jury, who are the triers of questions of fact.

It will be observed that the items of interest computed consist of more than one item, and that it was necessary for plaintiff to introduce testimony relative thereto, from which said items of interest should be computed. And said matter should have been presented to the jury for their consideration along with the other facts and circumstances in said cause.

After fully considering the said question of error, to wit, the addition of interest by the court to the verdict of the jury, we arrive at the conclusion that the court erred in receiving testimony after said case had been tried to a jury and verdict rendered thereon by the jury, and increasing said verdict by adding interest thereto.

We are therefore of the opinion, and it is so ordered: That the judgment of the trial court be affirmed in the sum of $2,200 with interest from the date of the judgment at six per cent. per annum, and the interest added by the court after verdict was returned is denied and that portion of the judgment is vacated and set aside.

LESTER, C. J., and HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and ANDREWS, JJ., absent.

Note.—See under (2), 14 R. C. L. 752; R. C. L. Perm. Supp. p. 3659; R. C. L. Pocket Part, title Instructions, § 22. (3), 8 R. C. L. 657.