## FLETCHER v. ALLEN.

No. 31205.  April 3, 1945.

*157 P. 2d 452.*

Melton, McElroy & Vaughn, of Chickasha, for plaintiff in error.

Bruce & Rowan, of Oklahoma City, for defendant in error.

BAYLESS, J. Onnie J. Allen instituted an action in the district court of Grady county against Hosea F. Fletcher to recover $1,683.92, alleged to be the balance due as principal and interest upon a note, and obtained judgment, based upon the verdict of the jury, from which Fletcher appeals.

Fletcher assigned four grounds of error, two of which relate to the instructions given to the jury and which need not be considered in the technical sense urged because of the decision we make on other issues, and the third proposition, which will not be discussed herein, involves an issue of law. The trial court is free to consider the matter if there is a retrial of the case as an elementary principle of law in the light of the statutes and decisions governing negotiable instruments.

The fourth proposition raised by Fletcher involves the correctness of the trial court's judgment entered on the verdict of the jury. As stated above, the plaintiff was seeking by her pleadings $1,683.92, which included interest up to October 17, 1936, on a note dated April 23, 1926, and she sought, in addition, interest until the judgment was satisfied and attorneys' fees. The face of the note was $825, with interest from its date at 10% and 10% of the principal and interest "unpaid" for attorneys' fees. There was much conflicting evidence concerning the credits the defendant was entitled to, and it is apparent that the jury's verdict for $250 is not strictly in keeping with the evidence of either of the parties, nor with the instructions of the trial court in the calculations intended to be used. The jury's verdict reads,

"We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths, find for the plaintiff and fix the amount of her recovery at $250.00 with 10% interest thereon from date and 10% additional as attorneys fees."

The trial court instructed the jury that Fletcher admitted executing and delivering the note, and testified he had made many payments thereon, most of which were admitted by Allen, and that the duty it should perform was to determine how much was then owing on the note by returning "a verdict for the full amount of the principal of said note, together with 10% interest thereon from date and 10% additional as attorneys' fees, less such interest and payments on the principal you may find." A reasonable interpretation of this instruction would require a calculation of interest from the date of the note to the date of the first payment and a proper credit, and similar calculations between payments thereafter, eventually arriving at the balance due as of the date of the verdict or the date of the last credit.

The trial court deemed the phrase "with 10% interest thereon from date" as meaning from the date of the note, and had the journal entry of judgment read ". . . with interest thereon at the rate of 10% per annum from April 23, 1926, to date (fifteen years, nine months) in the sum of $393.72 . . ." This is urged as error, it being Fletcher's contention that the plain purport of the jury's ver-

dict, in view of the principal amount allowed, and in view of the fact that payments theretofore made by him had been by the plaintiff's voluntary action credited to accrued interest, is to allow interest from the date of the verdict and not the date of the note. It is Allen's contention that the trial court's interpretation of the jury's verdict as demonstrated by the quotation from the journal entry is correct.

It is a general rule of law, 33 C.J. 1177, section 110, and 64 C.J. 1100, section 900, that a court may and should amend verdicts, in effect, by rendering judgments thereon designed to make the judgment entered reflect what the jury intended; and this is especially true where it is clear that interest should be allowed, and the court has sufficient data to make the interest added or allowed a matter of mere mathematical computation. The decisions of this court are to the same effect, Wallingford v. Alcorn, 75 Okla. 295, 183 P. 726; Getman v. Hayhow, 103 Okla. 161, 229 P. 559 (in these cases interest was properly allowed), and Manglesdorf Seed Co. v. Pauls Valley Grain & Seed Co., 155 Okla. 270, 8 P. 2d 1100 (in which the court's action in allowing interest was reversed for the lack of compliance with the general rule).

In view of this rule and the record before us, we are of the opinion that the trial court's judgment is not responsive to the verdict. If the trial judge, as a basis for construing the verdict as he did, had deemed the verdict ambiguous as to the date when interest began on the amount found due, he should have directed the jury to correct its verdict to make it certain, and then could have entered judgment accordingly.

It is urged in the brief of the plaintiff that the trial court was uncertain of the date meant in the verdict at the time it was returned into court by the jury and personally polled the jury with respect to what date they had in mind and was informed by this poll of the date intended; and used this information in calculating the amount of the judgment. Unfortunately, the record does not contain any such proceedings, and we are not authorized to consider these extraneous statements as a part of the record and to affirm or reverse the trial court's judgment upon consideration of such statements. If the record reflected such proceedings, a different question would be presented. While both parties seem to be cognizant of what the trial court did in amending the verdict, we do not know whether there actually exists a record of the polling of the jury. No effort has been made to correct the case-made. Defendant did file in the trial court a motion to modify the judgment by striking therefrom the calculation of interest made by the trial court, and this was overruled.

The judgment of the trial court is reversed, with directions to grant the motion for a new trial.

RILEY, OSBORN, WELCH, CORN, and DAVISON, JJ., concur. GIBSON, C.J., and HURST, V.C.J., dissent.