Wenoka K. WALKER, Appellee,

v.

ST. LOUIS–SAN FRANCISCO RAILWAY
COMPANY, a Missouri Corporation,
and L.E. Brewer, Appellants.

No. 58798.

Supreme Court of Oklahoma.

Sept. 13, 1983.

Ben Franklin, Kornfeld, Satterfield,
McMillin, Harmon, Phillips & Upp, Oklaho-
ma City, for appellants; Donald E. Engle,
St. Paul, Minn., Eric A. Cunningham, Jr.,
St. Louis, Mo., of counsel.

Jack B. Sellers Law Associates, Inc., Sapulpa, for appellee; Joe A. Moore, Memphis, Tenn., of counsel.

LAVENDER, Justice:

The sole issue presented on appeal is whether, under the provisions of 12 O.S. 1981 § 727, post-judgment interest is to be applied to both the amount of the jury verdict in an action for personal injuries and to the amount of the pre-judgment interest.

Title 12 O.S.1981 § 727 in pertinent part provides:

"All judgments of courts of record ... shall bear interest at the rate of twelve percent (12%) per year, ... provided that:

\* \* \* \* \* \*

"2. When a verdict for damages by reason of personal injuries is accepted by the trial court, the court, in rendering judgment shall add interest on said verdict at the rate of ten percent (10%) per year from the date the suit was commenced to date of verdict, ...."[1]

■ At common law, judgments do not bear interest.[2] The issue before us is therefore one of statutory construction. The cardinal rule for construction of statutes is to ascertain the intention of the legislature by consideration of the statutory language.[3]

■ In determining legislative intent, we presume that the Legislature in the enactment of § 727 used and employed the words "judgment" and "verdict" and the relation of each to the other in jury cases brought to recover personal injuries in their judicially established meaning, in the absence of an appearance of anything within the wording of the statute to indicate a different intention.[4]

Section 696 of 12 O.S.1981 provides:

"When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless it is special, or the court orders the case to be reserved for future argument or consideration."

In *Manroney v. Tannehill,*[5] (941), we said:

"The functions of the clerk are purely ministerial, and he only has power to enter upon the judgment docket of the court the sentence of the law as declared by a duly constituted judge, and has not the power to change, add to, or take away therefrom."

It is therefore the judge, not the clerk or the jury by its verdict, who renders judgment in a case tried to the jury.

In *Fletcher v. Allen*[6] (453), we held:

"It is a general rule of law (citations omitted), that a court may and should amend verdicts, in effect, by rendering judgments thereon designed to make the judgment entered reflect what the jury intended; and this is especially true where it is clear that interest should be allowed, and the court has sufficient data to make the interest added or allowed a matter of mere mathematical computation ...."[7]

■ There being nothing within 12 O.S.1981 § 727 to indicate otherwise, we must presume that the Legislature knew and contemplated that a verdict is the formal decision or finding made by a jury, impaneled and sworn for the trial of a cause and reported to the court upon questions or matters submitted to it upon the trial. A verdict becomes a judgment only when ac-

---

1. Effective April 1, 1982, § 727 was amended to provide for 15% post-judgment and 15% pre-judgment interest. Judgment in the case at bar was entered prior to the effective date of the amendment.

2. 45 Am.Jur.2d Interest and Usury § 59.

3. *Grand River Dam Authority v. State,* Okl., 645 P.2d 1011 (1018) (1982).

4. *Garrison v. State,* Okl., 420 P.2d 474 (477) (1966); 74 Am.Jur.2d Statutes § 165.

5. 90 Okl. 224, 215 P. 938 (1923).

6. 195 Okl. 307, 157 P.2d 452 (1945).

7. Accord, *Independent School Dist. No. 65 v. Stafford,* 208 Okl. 542, 257 P.2d 1092 (1095–1096) (1953).

cepted by the court. When viewed in this light, it becomes clear that the legislative intent expressed in § 727 is that in entering *judgment* on a *verdict* for damages by reason of personal injuries, the court shall add to the *verdict* interest thereon at 10% per annum from the date of the commencement of the suit, and the resulting computation of the *verdict* plus interest constitutes the *judgment.* The judgment, thus rendered, bears interest at the rate of 12% per annum from the date of the judgment.

A similar conclusion was reached in construing § 727 by the Court of Appeals (10th Cir.1978) in *Texas Eastern Transmission Corporation v. Marine Office*,[8] wherein the Court said:

> "The entire judgment, including the accrued ... interest, would bear interest at the legal rate provided by law. The law of Oklahoma controls and provides ... interest from the date of rendition of the judgment."

The Circuit Court further said:

> "[T]he general rule is that 'a judgment bears interest on the whole amount thereof, although such amount is made up partly of interest on the original obligation, and even though the interest is separately stated in the judgment' ... 47 C.J.S. Interest § 21b (1946). Oklahoma law is in accord with this rule."[9]

We therefore hold, under the provisions of 12 O.S.1981 § 727, the post-judgment interest therein provided is to be applied to the judgment entered by the court in a personal injury action, and that the judgment thus entered consists of the sum of the verdict award, plus pre-judgment interest calculated thereon.

In making our determination herein, we distinguish an award for costs, which are not a part of the judgment in the technical sense, but are mere incidents thereto for the reasons set forth in *McAlester Urban Renewal Authority v. Hamil-*

ton [10] and do not bear interest as a part of the judgment.

AFFIRMED.

All of the Justices concur.

---

**8.**   579 F.2d 561.

**9.**   Accord, *First National Bank and Trust Co., Muskogee v. Exchange National Bank and*

**10.**   521 P.2d 823 (Okl.1974).