Dear Executive Director Price,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Is a representative from a state university (i.e., theUniversity of Oklahoma), eligible to fill the position on theReal Estate Commission for a member who is "a representative of aschool of real estate located within the State of Oklahoma andapproved by the Commission?"
¶ 1 Your question calls for an interpretation of the Oklahoma Real Estate License Code, which is found in title 59 O.S.858-101 (1981) et seq., as amended. In 1974 the Legislature formed the Oklahoma Real Estate Commission (the "Commission") which initially consisted of five members. However, 59 O.S.858-201 was amended in 1982 to expand the membership on the Commission to seven members and now provides, in pertinent part, as follows:
 All members of the Commission shall be citizens of the United States and shall have been residents of the State of Oklahoma for at least three years prior to their appointment, and five members shall be licensed real estate brokers and shall have had at least five years' active experience as real estate brokers prior to their appointment, one member shall be a lay person not in the real estate business, and one member shall be a representative of a school of real estate located within the State of Oklahoma and approved by the Commission.
59 O.S. 858-201 (1987). (Emphasis added).
¶ 2 The function of the Commission is to be the sole governmental entity to have authority to regulate and issue licenses to real estate brokers and real estate sales associates in the State of Oklahoma. The Commission both licenses applicants for real estate licenses and approves course work offered by real estate schools in Oklahoma. See 59 O.S. 858-301 through 59O.S. 858-309 (1981).
¶ 3 "Real estate school" and "school of real estate" are not defined in either the statutes regulating the Real Estate Commission or in the Commission's own rules. The issue, then, becomes whether a state university, such as the University of Oklahoma, falls within the meaning of a "school of real estate located within the State of Oklahoma and approved by the Commission," for purposes of the membership requirements pertaining to the Real Estate Commission.
¶ 4 The cardinal rule for construction of statutes is to ascertain the intention of the Legislature by consideration of statutory language, Walker v. St. Louis-San Francisco Ry. Co.,671 P.2d 672 (Okla. 1983). In ascertaining legislative intent, the language of the entire act should be construed with reasonable and sensible construction, Udall v. Udall,613 P.2d 742 (Okla. 1980). Therefore, the language in 59 O.S. 858-201
(1987) requiring one member of the Real Estate Commission to be a representative of "a school of real estate . . . approved by theCommission" should be construed reasonably and sensibly. Further, statutes must be interpreted to render every word and sentence operative, rather than in a manner which would render a specific statutory provision nugatory. Matter of Request of HammProduction Co., 671 P.2d 50 (Okla. 1983). The words "school of real estate . . . approved by the Commission," as included in 59O.S. 858-201 (1987), must be interpreted to give every word operative effect.
¶ 5 The Real Estate Commission has no jurisdiction over, and can in no manner regulate, the real estate courses offered by institutions of higher education, such as the University of Oklahoma. Okla. Const. Article XIII-A, Section 2. It follows, therefore, that the Commission cannot "approve" such institutions of higher education as real estate schools. Therefore, "schools of real estate . . . approved by the Commission" do not include institutions of higher education. Consequently, the requirement in 59 O.S. 858-201, that one member of the Commission must be "a representative of a school of real estate located within the State of Oklahoma and approved by the Commission" can be fulfilled only if the Commission member is a representative of a real estate school over which the Commission has jurisdiction. Had the Legislature intended one member of the Real Estate Commission to be a representative of an institution of higher education, then the words "school of real estate" would not have been followed by the words "approved by the Commission."
¶ 6 In this regard, it is recognized that certain courses of instruction in real estate offered by institutions of higher education in the State must, as a matter of legislative mandate and policy, be approved by the Commission for credit for persons who seek individual licensure approval by the Commission. 59O.S. 858-304 (1981). However, such mandatory course work approval is not a pertinent issue relative to the Commission's membership composition.
¶ 7 It is, therefore, the official opinion of the AttorneyGeneral that a state university does not fall within the meaningof a "school of real estate located within the State of Oklahomaand approved by the Real Estate Commission," in 59 O.S.858-201 (1987), for purposes of membership on the Real EstateCommission. Consequently, the member of the Real EstateCommission required to be a representative of a "school of realestate located within the State of Oklahoma and approved by theCommission" should be a representative of a real estate schoolover which the Real Estate Commission has jurisdiction, whichwould exclude state universities and other institutions of highereducation under the jurisdiction of the Oklahoma State Regentsfor Higher Education.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
KATHLYN A. RHODES ASSISTANT ATTORNEY GENERAL