Dear Representatives, Reese
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
If, pursuant to 74 O.S. 1335 of the Oklahoma Statutes, acounty elects to participate in the disability insurance programadministered by the State and Education Employees Group InsuranceBoard, may the county require county employees to makecontributions through payroll deductions to participate in theprogram?
¶ 1 In 1985 the Legislature adopted the State Employees Disability Program Act (the "Act"), 74 O.S. 1331 — 74 O.S.1334 (1988). The central section of the Act is 74 O.S. 1332
(1988) which provides in relevant part:
 A. The State Employees Group Insurance Board shall establish a Disability Insurance Program for state employees. The program shall consist of a long-term disability plan and a short-term disability plan. Participation in the program shall be limited to state employees who have been state employees for a period of not less than six (6) months and who are eligible for enrollment in the Health Insurance Plan administered by the Board.
* * *
 B. The Disability Insurance Program shall be funded from appropriations made by the Legislature. Employees shall not be required to make contributions to participate in the program.
¶ 2 The Act authorized the State Employees Group Insurance Board to establish a disability insurance program (the "Program") consisting of long-term and short-term disability plans. Participation in the Pro gram was limited to state employees.
¶ 3 In 1989 the Legislature adopted a new law to be codified as74 O.S. 1335 (1989), which provides:
 A county, upon adoption of a resolution by the board of county commissioners, may participate in the Disability Insurance Program administered by the State and Education Employees Group Insurance Board. Upon the filing of a certified copy of the resolution with the Board, the county shall become a participant on the first day of the second full month following the filing of the resolution. All employees of any county electing to participate in the Program shall have disability insurance coverage. The county shall forward to the Board, at such times as determined by the Board, the contributions necessary to pay for the disability insurance coverage of the employees of the county. The Board shall determine the amount of contribution required for the disability insurance coverage.
(Emphasis added).
¶ 4 A county may now participate in the Program. If a county elects to participate in the Program, all the county's employees must have disability insurance coverage. The county is required to forward to the State and Education Employees Group Insurance Board the contributions necessary to pay for the disability insurance coverage of the county's employees.
¶ 5 May a participating county require its employees to make contributions through payroll deductions? The answer depends upon what the Legislature intended by enacting 74 O.S. 1335. The cardinal rule for construction of statutes is to ascertain the intention of the legislature by consideration of statutory language. Walker v. St. Louis-San Francisco Ry. Co.,671 P.2d 672 (Okla. 1983).
¶ 6 The plain language of the Act expresses the Legislature's intent that participating "employees" shall not be required to make contributions to participate in the Program. As originally adopted in 1985, the Act provided that participation was limited to state employees, 74 O.S. 1332(A) (1988), and that "[e]mployees shall not be required to make contributions to participate in the [P]rogram." 74 O.S. 1332(B) (1988). Thus, state employees were not originally, and are not now, required to make contributions to participate in the Program. Contributions to pay for a state employee's participation in the Program come from legislative appropriations, not from the pocket of the employee. 74 O.S. 1332(B) (1988). By adopting 74 O.S. 1335
and "grafting" it onto the Act, the Legislature apparently intended to expand the definition of the term "employee" as used in the Act to include both participating state employees and employees of participating counties. Poafpybitty v. Skelly OilCo., 394 P.2d 515, 519 (Okla. 1964) (amendments are to be construed together with the original act to which they relate as constituting one law, and also together with other statutes on the same subject as part of a coherent system of legislation). Since the plain language of 74 O.S. 1332(B) (1988) provides that a participating state "employee" may not be required to make contributions, it follows that an "employee" of a participating county also may not be required to make contributions.
¶ 7 It is, therefore, the official opinion of the AttorneyGeneral that, when a county elects to participate in theDisability Insurance Program pursuant to 74 O.S. 1335 (1989),the county may not require county employees to make contributionsthrough payroll deductions to participate in the Program.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
JEFF MIXON ASSISTANT ATTORNEY GENERAL