Dear Director Maynard,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
When does the Department of Corrections become responsible tothe counties for reimbursement under 22 O.S. 991a-4 (1990)for nighttime and weekend sentences served in the county jailunder the authority of 22 O.S. 991a-2 (1990)?
¶ 1 The guidelines for confinement to nighttime or weekend incarceration, pursuant to a recommendation of the Probation and Parole Division of the Department of Corrections and the trial court's sentence, are authorized by 22 O.S. 991a-2 and 22 O.S.991a-4(C)(8) (1990).
¶ 2 Title 22 O.S. 991a-4 (1990) authorizes a Community Service Sentencing Program. 22 O.S. 991a-4(A) states:
 There is hereby created the "Community Service Sentencing Program." The purpose of the program shall be to provide an alternative to incarceration for nonviolent felony offenders who would normally be sentenced to incarceration in a state institution.
¶ 3 Section 991a-4(C)(8) of that title states:
 C. [T]he [Probation and Parole] Division shall recommend an assignment of the offender to any one or combination of the following areas:
* * *
 8. Confinement in a county jail for a period not to exceed six (6) months, night or weekend incarceration pursuant to the provisions of 22 O.S. 991a-2 of the Oklahoma Statutes or incarceration by the Department of Corrections; provided, the Department of Corrections shall reimburse a county which does not receive payments from any other source of the cost of the necessary expenses of such persons during periods of such incarceration in an amount not to exceed Twenty Dollars ($20.00) per day and any county receiving such payments in an amount not to exceed Ten Dollars ($10.00) per day. The Department shall reimburse the county for the actual cost paid for any emergency medical care for physical injury or illness of such persons if the county is required by law to provide such care for inmates in the jail. The reimbursements provided by this section shall not exceed the cost that would have accrued to the state for the feeding, care or medical care of the persons had they been incarcerated with the Department. Except as otherwise provided by law, all provisions of the Oklahoma Corrections Act of 1967, 57 O.S. 501 et seq. of the Oklahoma Statutes, shall apply to such persons, including but not limited to any provisions requiring payment by such persons of the costs of incarceration.
¶ 4 Title 22 O.S. 991a-2 (1990) provides that an individual convicted of a non-violent felony may be incarcerated in the county jail at nighttime or on weekends in lieu of any other kind of imprisonment.
¶ 5 A general rule of statutory construction is that in construing a statute, one must first look to the specific terms. "Where the language of a statute is plain and unambiguous and its meaning clear. . . . the statute will be accorded the meaning as expressed by the language therein employed." Cave Springs PublicSchool District 1-30 v. Blair, 613 P.2d 1046, 1048 (Okla. 1980). "The cardinal rule for construction of statutes is to ascertain the intention of the Legislature by consideration of the statutory language." Walker v. St. Louis-San Francisco Ry. Co.,671 P.2d 672, 673 (Okla. 1983). When seeking to ascertain the intent of the Legislature, consideration should be given to the statute as a whole. Melton v. Quality Homes, 312 P.2d 476, 479
(Okla. 1957).
¶ 6 A reading of the statute clearly reveals the legislative intent. In subsection (C)(8) of 22 O.S. 991a-4, the Legislature mandates that "the reimbursements provided by this section shall not exceed the cost that would have accrued to the state for the feeding, care or medical care of the persons had they been incarcerated with the Department."
¶ 7 In the circumstance of weekend or nighttime incarceration, the person is not actually physically delivered to the Department. Had the inmate actually been delivered, no costs would accrue to the Department until such delivery. Where an inmate has been sentenced to serve time in a state correctional facility, the Department is not liable for the costs of food or care of a person in the county jail until the Department assumes custody of the person upon that person being transferred to the Department by the county sheriff after being sentenced. The responsibility on behalf of the Department does not accrue until that time even though an inmate is given credit toward his sentence for the time spent in the county jail awaiting trials or transport to the Department of Corrections following the imposition of the judgment and sentence. See, 57 O.S. 95
(1981).
¶ 8 Under the nighttime or weekend incarceration provisions, the inmate begins his sentence and supervision by the Probation and Parole Division of the Department of Corrections upon judgment and sentence. At that point, the inmate becomes the responsibility of the Department. That interpretation is consistent with the longstanding interpretation of this statute by the Department of Corrections which has held that the time period for reimbursement under 22 O.S. 991a-4(C)(8) begins on the date of execution of the Judgment and Sentence. Dept. of Corrections Probation and Parole Manual Policy No. Ch. 61.
¶ 9 Therefore, to achieve the intent of the Legislature, the responsibility of the Department begins once the inmate is sentenced and charges to the Department for the care of such offenders should not accrue until the commencement of the inmate's sentence.
¶ 10 It is, therefore, the official opinion of the AttorneyGeneral that reimbursement from the Department of Corrections toa county for the expenses incurred for individuals sentenced tonighttime or weekend incarceration pursuant to 22 O.S.991a-4(C)(8) (1990) shall be calculated from the beginning ofthe sentence imposed.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
WELLON B. POE ASSISTANT ATTORNEY GENERAL