Dear Chairman Thornton,
¶ 0 This office has received your request for an Attorney General's opinion addressing, in effect, the following question:
Is the appointment of trustees to a trust created in 1975 forthe benefit of the State under the provisions of 60 O.S. 1971,§§ 176[60-176] et seq., subject to the advice and consent of theState Senate, when neither the original trust instrument, noramendments to the trust instrument, require that the appointmentof trustees be subject to Senate confirmation?
 I. Law On The Appointment Of Trustees For Trusts Created For The Benefit Of The State Of Oklahoma In 1975
¶ 1 The question you pose requires an examination of the provisions of Section 178 of Title 60 in both its present and past forms. A trust created in 1975 for the benefit of the State of Oklahoma was governed by the provisions of 60 O.S. 1971, §178[60-178], 1970 Okla. Sess. Laws, ch. 319, § 3. In pertinent part, that statute in effect in 1975, read as follows:
 (a) The instrument or will creating such trust [a trust for the benefit of the state, county or municipality] may provide for the appointment,
succession, powers, duties, term, manners of removal, and compensation of the trustee or trustees subject to the provisions of (c) hereof, and in all such respects the terms of said instrument or will shall be controlling. Trustees, who are public officers, shall serve without compensation, but may be reimbursed for actual expenses incurred in the performance of their duties as trustees. If said instrument or will makes no provision in regard to any of the foregoing, then the general laws of the state shall control as to such omission or omissions.
. . . .
 (c) Trustees of any public trust may be removed from office for cause, including incompetency, neglect of duty, or malfeasance in office, by a district court having jurisdiction. In the event of removal of a trustee under this section, a successor trustee shall be appointed as provided in the trust instrument.
(Emphasis added.)
¶ 2 Under this provision the appointment of trustees to a trust created in 1975 for the benefit of the State would be controlled by the trust instrument. Thus, if the trust instrument provided for the appointment of trustees, but made no requirement that the appointment be subject to Senate confirmation, Senate confirmation would not be required. If not addressed in the trust instrument, the general law in effect in 1975 would control. In 1975, the general law did not require that the appointment of trustees of State beneficiary trusts be confirmed by the Senate.
¶ 3 While this was clearly the law in 1975, two subsequent amendments to Section 178 of Title 60 need to be examined in order to determine the current status of the law.
 II. Post-1975 Amendments To Section 178 of Title 60 Relating To The Appointment Of Trustees Of Public Trusts Created For The Benefit Of The State
¶ 4 In 1976 substantial amendments were made to Section 178 of Title 60, including one specifically dealing with the appointment of trustees of trusts for the benefit of the State. 1976 Okla. Sess. Laws ch. 222, § 3. The provisions specifically dealing with the appointment of such trustees were set forth in newly enacted subsection (b) of Section 178, which read as follows:
 (b) Any public trust that hereafter names the State of Oklahoma as the beneficiary shall have five (5) trustees appointed by the Governor of the State of Oklahoma with the advice and consent of the Senate.
The terms of the trustees shall be as follows: of the trustees first appointed, one member shall be appointed for a term of one (1) year; one member shall be appointed for a term of two (2) years; one member shall be appointed for a term of three (3) years; one member shall be appointed for a term of four (4) years; and one member shall be appointed for a term of five (5) years. At the expiration of the term of each member and of each succeeding member, the Governor shall appoint a successor who shall serve for a term of five (5) years. Whenever a vacancy on such trust shall occur by death, resignation or otherwise, the Governor shall fill the same by appointment and the appointee shall hold office during the unexpired term. Each member shall hold office until his successor has been appointed and qualified.
(Emphasis added.)
¶ 5 This newly-enacted appointment requirement, by its own terms, was only made applicable to public trusts that "hereafter names the State of Oklahoma as the beneficiary" (emphasis added).
¶ 6 As the Oklahoma Supreme Court has held on many occasions, the cardinal rule of statutory construction is to ascertain the intent of the Legislature by consideration of the statutory language used by the Legislature. E.g., Walker v. St.Louis-San Francisco Ry. Co., 671 P.2d 672, 673 (Okla. 1983), andCity of Bristow v. Groom, 151 P.2d 936, 940 (Okla. 1944). In the absence of a contrary definition of common words used in a legislative act, we must assume that the Legislature intended for the words to have the same meaning as that attributed to them in ordinary and usual parlance. State ex rel. Cartwright v.Georgia-Pacific, 663 P.2d 718, 722 (Okla. 1982).
¶ 7 The Oklahoma Supreme Court, in Stroud v. D-X Sunray OilCo., 376 P.2d 1015 (Okla. 1962), was called upon to determine the ordinary and common meaning of the word "hereafter" in the context of an oil and gas lease. The provision in that lease construed by the Court dealt with rights of the parties should the leased premises "hereafter" be owned in severalty. The Court held that this provision was clearly meant not to apply toproperty presently owned in severalty:
 Wording of the entirety clause to the effect that "If leased premises shall hereafter be owned in severalty or in separate tracts" made clear that it did not apply to minerals then owned in severalty but applied only to minerals subsequently severed from the fee by a conveyance by Maddie Gaines or her successor in interest. In Webster's Third New International Dictionary the word" hereafter" is defined in part as "after this; after this in order of sequence."
376 P.2d 1015 at 1018 (emphasis added).
¶ 8 Applying this ordinary definition of "hereafter" to the above-quoted 1976 amendment to Section 178 of Title 60, we conclude that the requirement that a public trust which "hereafter names the State of Oklahoma as the beneficiary" must have trustees appointed by the Governor with the advice and consent of the Senate, was not intended to apply to State beneficiary trusts already in existence when the law became effective. As in the case of the oil and gas lease in the D-XSunray Oil Co. case, the use of the term "hereafter" in Section 178 made it clear that the substantive provisions were not
intended to apply to existing trusts. Rather, it was the intent of the Legislature, in using the "hereafter" phrase, to have the appointment requirements apply to trusts naming the State of Oklahoma as its beneficiary after the effective date of the statute, which was December 1, 1976. Because the effective date of the provision that requires trustees of State beneficiary trusts to be appointed by the Governor with the advice and consent of the Senate was December 1, 1976, and because that requirement only applies to trusts which name the State as beneficiary after the effective date of the statute, the provision does not control the appointment of trustees to State beneficiary trusts created prior to the effective date of the provision.
¶ 9 In 1988, the Legislature added subdivision F to Section 178 of Title 60. That provision dealt with the overall inapplicability of the provision to some trusts created prior to July 1, 1988, and read as follows:
 The provisions of this section shall be inapplicable to any public trust created and existing prior to July 1, 1988, if the instrument or will creating such public trust shall have been held to be a valid and binding agreement in an opinion of the Supreme Court of the State of Oklahoma; and nothing in this section shall impair or be deemed to impair the trust indenture or existing or future obligations of such public trust.
60 O.S. 1991, § 178[60-178](F), enacted in 1988 Okla. Sess. Laws ch. 319, § 6 (emphasis added).
¶ 10 This last added provision to Section 178 of Title 60 deals with the applicability of the entire section. In enacting this new section, the Legislature did not amend the "hereafter" appointment provision in subsection B.[1] Accordingly, we do not view this new subsection as altering the Legislature's intent in enacting the "hereafter" trustee appointment provisions. This being the case, we conclude that the provisions of 60 O.S. 1991, § 178[60-178](B) that require trustees of State beneficiary trusts be appointed by the Governor with the advice and consent of the Senate, only apply to public trusts that name the State as the beneficiary of the trust after the effective date of that subsection, December 1, 1976.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The provisions of 60 O.S. 1991, § 178(B) which requirethat any public trust "that hereafter names the State of Oklahomaas the beneficiary" shall have five (5) trustees appointed by theGovernor with the advice and consent of the Senate, only apply totrusts that name the State of Oklahoma as beneficiary after theeffective date of that subsection, December 1, 1976. Accordingly,trustees to public trusts which named the State as trustbeneficiary before December 1, 1976, do not have to be appointedwith the advice and consent of the Senate, unless the trustinstrument or will creating the trust requires Senateconfirmation.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL
[1] The labeling of the subsection of Section 178 of Title 60 was changed from lowercase letters to capital letters with the publication of the 1981 statutes.